Ex Parte Sylvia Christine CAHILL,
A Minor, et al.

No. 5080.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 27, 1955.

Jack W. Knight, Houston, for appellant.

Thos. A. Wheat, Thos. J. Hightower, Liberty, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal involving the custody of four minor children. In a habeas corpus proceeding in the District Court of Liberty County, the trial court awarded custody of the children to their maternal grandmother, Mrs. Lona Partain, and the father of the children, Robert I. Cahill, appeals from such judgment.

The history of the case is one of tragedy. The mother of the children, Mrs. Maxine Cahill, was placed in John Sealy Hospital in Galveston for treatment for a neurotic disorder. This was done by her husband, the appellant, on the advice of physicians. At the same time the four children were placed in an orphans' home in Galveston by him. Until that time the family resided in Houston, in Harris County. While his wife was confined in the hospital, the appellant filed suit in Harris County against her for divorce. Mrs. Partain, the appellee, assisted her daughter, Mrs. Maxine Cahill, in securing an order of the District Court of Harris County giving her the custody of the children during the pendency of the divorce case. Mrs. Partain, by permission of the court contained in such order, took the children to her home in Liberty County, where she has had them ever since. Before the divorce case came to trial, Mrs. Maxine Cahill died by her own act. Thereafter the appellant, the father of the children, secured a judgment in the District Court of Harris County, in the divorce proceeding, awarding him the custody of his children. When he made demand on Mrs. Partain, the appellee, for the children, she refused to give them up, and he brought this habeas corpus proceeding to secure actual possession and custody of them. Mrs. Partain's plea of privilege was sustained and the cause was transferred to Liberty County.

The appellant in his petition for writ of habeas corpus alleged that he was the father of Sylvia Christine Cahill and the other three minor children; that they were the children of himself and Maxine A. Cahill, who died July 20, 1954; that a divorce action was instituted by him in Harris County against Maxine A. Cahill and that she had filed therein a cross action praying for the custody of the four children; that on application and hearing Maxine A. Cahill was granted temporary custody of the children, with permission to keep them either in Harris County or Liberty County; that during her lifetime Maxine A. Cahill had kept these four children at her mother's home in Liberty; that on August 9, 1954, the appellant's motion to set aside the order entered June 4, 1954 was heard in the District Court of Harris County to set aside the previous order and restore custody of his children to him; that every effort was made to serve the appellee, Mrs. Lona Partain, in Liberty but she could not be served with notice; that on August 9, 1954 the judge of the District Court of Harris County entered an order restoring custody of the children to the appellant and setting aside the order of June 4, 1954; that although counsel for Mrs. Lona Partain was present at the hearing and could communicate with her, she has failed and refused to turn over the children to the appellant; that she is holding the children without the slightest color of right or sanction. He prayed that said children be brought into court, that they be discharged from the illegal restraint by which they were being held by Mrs. Lona Partain.

The appellee, in her answer to the petition of the appellant, denied generally all of the allegations in the petition for writ of habeas corpus. She further alleged that the purported order entered by the judge of the District Court of Harris County of August 9, 1954 was void as to her because she was not present and had not been notified of such hearing and had no notice at all thereof, did not enter her appearance and alleged that any counsel that appeared was not the counsel of her choice. She further alleged that it would be to the best interest of the minors that the children be permitted to remain with her, that she is a fit and proper person to have the custody and control of such children; that it would not be and is not to the best interest of the children for their custody to be changed

from her and placed with the appellant; she alleged that the appellant is a person of unfit habits and is unstable mentally and afflicted, in addition to said mental instability, with a persecution complex and that it was not to the best interest of said children that he should have custody of them. She alleged that she is a good Christian woman and is the mother of the mother of said children who is now deceased; that she owns a nice home in Liberty in Liberty County; that she provides for the children and will in the future administer to their best interest. She further alleged that if the order of the District Court of Harris County of August 9, 1954 be entitled to any consideration by the court, then such order should be set aside because the conditions have changed since rendition of said order and further alleged that the conditions which render the appellant a parent unfit to have the custody and control of said children have continued without cessation for many years and continued throughout the marriage of the appellant and the appellee's daughter and will continue in the future. By trial amendment she further prayed that if the court should grant custody of the children to her that the appellant be required to contribute reasonable sums to be used in the support, education and maintenance of the minor children until further order of the court.

The case was heard by the court without a jury and the court in its judgment found that the appellant was not a fit and proper person to have the custody of the children, and the application for writ of habeas corpus was denied. The judgment further found that the appellee was a fit and proper person to have the custody of the children, and decreed that custody was placed with the appellee with the appellant being granted the right of visiting the children under the conditions laid down in the judgment. The appellant was also ordered to pay $75 a month for their support, education and maintenance.

At the request of the appellant the trial court filed findings of fact and conclusions of law which were as follows:

"Findings of Fact.

"I.

"Early in 1954 Relator, Robert I. Cahill, had his then wife, Maxine Cahill, the daughter of the Respondent, Mrs. Lona Partain, placed in the psychiatric ward and confined behind bars therein in the John Sealy Hospital in Galveston, Galveston County, Texas.

"II.

"That said Relator had Maxine Cahill, his wife confined in the hospital and especially in the psychiatric ward for the sole purpose of suing her for divorce and to aid him in obtaining a divorce from her.

"III.

"That immediately upon said Relator having Maxine Cahill confined and restrained in said psychiatric ward of John Sealy Hospital, he thereupon instituted divorce proceedings in the District Court of Harris County, Texas against the said Maxine Cahill and had her served with process, while confined in said hospital.

"IV.

"That at all times material to this suit the Respondent Mrs. Lona Partain, the maternal grandmother of the minor children, Sylvia Christine Cahill, Charlotte Ann Cahill, Cathleen Ellen Cahill and Robert I. Cahill, Jr., was and is a fit and proper person to have the care, custody, possession and control of said minor children.

"V.

"That immediately or shortly after said Relator had his then wife, Maxine Cahill, confined in the psychiatric ward of John Sealy Hospital, instead of bringing the children to Respondent, the maternal grandparent of said children, and the logical place for him to bring the children to be kept during any illness or sickness of Maxine Cahill, and the proper place for the children to have remained during that absence of Maxine Cahill in said psychiatric ward, instead thereof the Relator herein placed said

children in the St. Mary's Orphanage in Galveston, Texas. That it was not to the best interest of said minors for same to have been placed in said orphanage out of spite, hatred, malice and ill will toward Respondent herein, and Maxine Cahill, now deceased, his then wife.

"VI.

"That the Relator herein refused voluntarily to tell either Maxine Cahill or Respondent, herein, the whereabouts of said children and that said children had been secreted in the St. Mary's Orphanage and Maxine Cahill and Respondent, herein, were advised of the location of said children only when he was forced to tell at a hearing in one of the District Courts in Harris County by order of the presiding judge in said hearing.

"VII.

"That immediately upon Respondent herein and Maxine Cahill learning of the whereabouts of the children the Respondent herein went to the St. Mary's Orphanage in Galveston and obtained the possession of said children and she has had said children with her at her home in Liberty, Texas, every since that time. That the Respondent herein is a good, Christianlike woman and has a nice home in the town of Liberty, where she is well able and capable of taking care of and providing for the best interest of said children. That the health and mental outlook and best interest in general of the children has been fostered and greatly improved since they have been with the Respondent herein. That the children were mentally and emotionally disturbed, unhealthy and ill-kept when Respondent herein obtained the children from said orphanage in Galveston.

"VIII.

"I find that the Relator herein is unstable mentally and his mental attitude renders him very unsuitable as a parent and custodian of the minor children made the subject of this suit, and that it would be against the best interest of said children to award their custody to Relator.

"IX.

"I conclude and find as a fact that the Relator is not a fit and proper person to have the custody and control of said minors made the subject of this suit especially in view of his mental instability and for other good and sufficient reasons demonstrated by the testimony in evidence and his mental reaction and demeanor while on the witness stand.

"X.

"That the best interest of said children would be best served by placing their custody and control with and permitting the custody and control to remain with the Respondent herein, Mrs. Lona Partain, a fit and proper person to have the permanent custody and control of said children.

"XI.

"I find that Maxine Cahill is dead. That immediately upon her death or shortly thereafter Relator filed an application with the District Court of Harris County seeking custody of said minor children; that Respondent herein was not made a party to said proceeding and was not given notice of the hearing upon Relator's application and Respondent did not appear and participate at any hearing upon said application nor did any counsel of her choice or representative of her choice appear and participate in any hearing upon said application and said order entered by Judge Bell was without jurisdiction of any kind or character over Respondent, herein.

"XII.

"I find from the evidence that the Respondent can provide for said minor children, $75 per month which should be paid in two semi-monthly installments of $37.50 each, the said installments to be paid on the fifth and twentieth of each month.

"XIII.

"I further find as a fact that Relator has remarried to a woman with three minor children and he and his present wife have

her three children living in the home and if the minor children made the subject of this suit resided with Relator, they would be required to live with Relator, his present wife and her three children, whereby there would be seven people living under the same roof and in the quarters occupied by Relator in Houston.

"XIV.

"That the present wife of Relator was present during the trial, was sworn in as a witness but was never called to the stand by Relator.

"XV.

"I find that Relator shall have the right to visit with said children and conclude that he can visit the children on the first and third Sundays in each month between the hours of 1:00 and 5:00 o'clock P.M. and in exercising said right of visitation he shall visit with the children at the home of the Respondent in the city of Liberty in Liberty County, Texas and only therein."

"Conclusions of Law

"I.

"I conclude that the District Court of Harris County, Texas, did not have jurisdiction over Respondent herein in the proceeding out of which Judge Bell entered an order awarding Relator the custody of said children and I further conclude that said order or judgment entered by Judge Bell has never been and is not now binding upon Respondent.

"II.

"I conclude that this court has jurisdiction over Relator, Respondent, said children and all issues involved in this suit.

"III.

"I conclude that the best interest of said minors, to-wit: Sylvia Christine Cahill, Charlotte Ann Cahill, Cathleen and Robert I. Cahill, Jr., will be best served by awarding their permanent custody and control unto the Respondent herein, Mrs. Lona Partain, subject to the right of visitation of Relator with said children and I hereby award said permanent custody and control of said children unto Mrs. Lona Partain."

The court's conclusions Nos. IV and V relate to the matters of visitation of the children and payments for support.

The appellant brings his appeal under six points of error. Under Points 1, 2 and 3 he maintains that the trial court's judgment taking the custody from him, their natural father, and placing it in their grandmother was erroneous because the evidence was not of the nature required by law to overcome legal presumption that the welfare and best interests of the children would be "served by awarding custody to her" ; that the findings of fact are against the great weight and preponderance of the evidence; that there was no substantial evidence before the court to support such finding and holding.

We will not attempt to set out the evidence in detail. We have read the entire statement of facts, with the numerous exhibits contained therein, and are satisfied that the evidence was sufficient to support the principal findings of fact made by the trial court, and that he did not abuse his discretion in making such findings. It has been held many times and it is the settled law of this State that in a matter relating to the custody of children the appellate courts are compelled to rely to a large degree on the wisdom and discretion of the trial court and judgment in such a case will not be disturbed in the absence of a showing of an abuse of his discretion. The above facts as found by the trial court appear to us to be sufficient to warrant the judgment. The presumption is that the best interests of the children ordinarily would be best served by awarding them to their parent, but this is a rebuttable presumption, and it is not necessary that one disputing such a presumption prove that the natural parent is disqualified by immorality or misfortune. Taylor v. Taylor, Tex.Civ.App., 42 S.W.2d 455, 456; Dunn v. Jackson, Tex.Com.App., 231 S.W. 351. In this case the evidence before the trial court was sufficient to convince him that the life of turmoil and trouble which these children had experienced in the past

would probably continue, to some degree, in a home with their father and a stepmother who has three small children of her own. The authority and discretion to weigh the testimony and to determine where the best interests of the minor children will be subserved is vested in the trial court. We are unwilling to disturb this judgment and the appellant's first three points are overruled.

Under Points 4, 5 and 6 the appellant says that the trial court erred in holding that the judgment of the District Court of Harris County, dated August 9, 1954, after the death of Maxine A. Cahill, had no binding effect on appellee Partain, and further holding that the court in Harris County was without jurisdiction over appellee Partain; that since such judgment in the Harris County court was valid, the trial court erred in failing to make a finding of fact that there had been a material change in conditions relative to such minor children between the date of August 9, 1954 and the date of the trial in the present case. These points are overruled. We have given this phase of the case most careful attention and have concluded that the judgment of the Harris County District Court, in the divorce proceeding after the death of Maxine A. Cahill, the defendant in the divorce suit, was void, and that the trial court there had no jurisdiction over the appellee, Mrs. Partain, in her relationship to the minor children and their custody and control.

In 17 American Jurisprudence, p. 241, it is said: "An action for divorce is of a purely personal nature. The power of the court in such an action to issue decrees relative to alimony, to exonerate the wife's estate from the husband's claims, and to make orders relative to the care and custody of the children is merely incidental to the primary object of changing the status or relation of the parties to each other. Such actions, in the absence of a statute providing to the contrary, abate absolutely upon the death of either party before judgment and cannot be revived in the name of or against the representatives of the deceased party."

In Texas this principle of law is recognized in Blain v. Broussard, Tex.Civ.App., 99 S.W.2d 993; Ledbetter v. Ledbetter, Tex.Civ.App., 229 S.W. 576; Gladney v. Gladney, Tex.Civ.App., 24 S.W.2d 96.

We believe then that upon the death of Maxine A. Cahill the entire suit for divorce and proper custody of the children was abated and should have been dismissed, without prejudice to the rights of Robert I. Cahill, the appellant, to litigate in the proper forum his suit for custody and control of his children. He could do so with the presumption of law in his favor, as stated in the judgment in the Harris County case, that upon the death of his wife, the mother of the children, who had previously been awarded temporary custody of the children, he as their father then became vested with the right of custody and control. This right of custody is presumptive only, however, and if in the discretion of the court the father is deemed not to be a fit person to have the custody of his children, the right will be properly denied. See annotation in 128 A.L.R. 989, citing Hall v. Whipple, Tex.Civ.App., 145 S.W. 308, a Texas case. This was the issue joined by the pleadings of the parties in the present case and this, in effect, is the rule followed by the trial court in its conclusions of law. There is no statute in Texas which provides that ancillary matters brought in a proceeding for divorce shall not abate upon the death of either of the parties to the main suit for divorce.

It is, we think, elementary that even though the Harris County District Court's judgment complained of was not void but merely voidable, still it was not binding upon the appellee, Mrs. Partain, since she was not a party thereto, had no notice of the hearing and did not participate therein either in person or by an attorney of her choice. It was therefore not necessary for the trial court herein to make a finding as to whether there was a change in conditions between August 9, 1954, and the date of trial.

The judgment of the trial court is affirmed.