No. 21942.

STANLEY C. WOOD *v.* F. H. PARKERSON AND GLADYS PARKERSON.

(430 P.2d 467)

Decided July 17, 1967.

KEITH SINGER, for plaintiff in error.

MASON, REULER & PEEK, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

THIS is a tangled and tragic domestic relations case; yet the real issue relates only to the jurisdiction of the trial court to enter certain orders concerning custody and right of visitation.

Stanley Wood, hereinafter referred to as Stanley, married Sharon Parkerson, hereinafter referred to as Sharon, on December 20, 1955. To this marriage were born two children, the first, Wade, on March 23, 1957, and the second, Stephen, on May 20, 1959.

As indicated above, this marriage was an unhappy one, but in view of our disposition of the matter there is no need to relate any of the details leading up to the institution of divorce proceedings by Stanley. Suffice it to say that on July 18, 1961 Stanley filed a divorce action against Sharon alleging mental cruelty on her part and asking for custody of their two minor children. On August 21, 1961 Sharon filed a motion for a bill of particulars wherein she sought to have her alleged acts of cruelty spelled out in greater detail.

No further action was taken in this divorce proceeding until July 26, 1962. On that date the trial court was advised that Sharon died on October 27, 1961 and upon motion Sharon's parents, F. H. and Gladys Parkerson, were substituted for her as parties defendant in the divorce action. On that same date the Parkersons and Stanley presented to the trial court their written stipulation wherein it was agreed that sole care and custody of the aforementioned two minor children be granted Stanley, with the Parkersons to have certain rights of visitation. Pursuant to the stipulation the trial court then entered an order giving Stanley custody of the two children, with certain visitation rights being granted the Parkersons.

On January 25, 1965 the Parkersons obtained a contempt citation wherein Stanley was ordered to show cause why he should not be adjudged in contempt for

his allegedly willful interference with the Parkersons' right of visitation. On March 16, 1965 Stanley countered by filing a motion wherein he asked that the Parkersons' right of visitation be terminated.

Upon hearing the trial court declined to hold Stanley in contempt. At the same time, however, the trial court refused to terminate the Parkersons' right of visitation and permitted the Parkersons certain visitation rights, which were hedged with many conditions. Stanley now seeks reversal of that portion of the trial court's order which granted the Parkersons a right of visitation.

In this stipulation which was presented to the trial court Stanley and the Parkersons "agreed" that the trial court had jurisdiction to enter an order regarding custody and right of visitation. So, the issue of jurisdiction was never raised in the trial court. However, in this court upon oral argument of the matter we did ourselves raise this jurisdictional issue, as it appeared to us there was grave doubt that the trial court, under the circumstances, had jurisdiction to enter any order relating to custody and right of visitation.

In this regard, it is at least the position of counsel for the Parkersons, that the trial court did have jurisdiction to enter an order relating to custody and right of visitation. In support of this position it is said that pursuant to C.R.S. 1963, 46-1-5 the trial court had jurisdiction to enter orders relating to custody and right of visitation "[a]t all times after filing of a complaint, whether before or after the issuance of a divorce decree," and that such jurisdiction was a "continuing" thing which was unaffected by the intervening death of Sharon.

■■■ With this general line of argument we do not agree. On the contrary, we are of the view the divorce proceedings abated upon the death of Sharon and that thereafter the trial court had no jurisdiction to enter any order re'ating to the custody of the minor children or any right of visitation in connection therewith.

Our attention has not been directed to any Colorado

case bearing on this particular jurisdictional question. However, we are of the view that our determination is consonant with the rationale expressed in *Hilliard, Jr., Administrator v. Klein*, 124 Colo. 479, 238 P.2d 882; *Payne v. Payne*, 121 Colo. 212, 214 P.2d 495; and *Morris v. Propst*, 98 Colo. 213, 55 P.2d 944.

■ As illustrative of our thinking in this regard, see *Ex parte Cahill*, 286 S.W.2d 210 (Tex.Civ.App.). In that case, as in the instant one, prior to the entry of any divorce decree the defendant wife died. In the *Cahill* case the Texas Court of Civil Appeals held that in a divorce action, upon the death of the wife before judgment, the entire suit for divorce and for custody of the children abated. In thus holding, that Court approved the following language:

"An action for divorce is of a purely personal nature. The power of the court in such an action to issue decrees relative to alimony, to exonerate the wife's estate from the husband's claims, and to make orders relative to the care and custody of the children is merely incidental to the primary object of changing the status or relation of the parties to each other. Such actions, in the absence of a statute providing to the contrary, abate absolutely upon the death of either party before judgment and cannot be revived in the name of or against the representatives of the deceased party."

The factual situation posed by the instant controversy is to be distinguished from that where a divorce decree is granted and thereafter the custodial parent dies. See, in this regard, *Jarrett v. Jarrett*, 415 Ill. 126, 112 N.E.2d 694; 39 A.L.R. 2d 354.

When Sharon died before *any* divorce decree had entered, the divorce action thereupon abated and thereafter the court was without jurisdiction to enter any order concerning custody or right of visitation.

The judgment is therefore reversed and the cause remanded, with the direction that the trial court vacate all of its orders concerning custody and right of visitation.

Mr. Chief Justice Moore, Mr. Justice Pringle and Mr. Justice Hodges concur.