IRVIN v IRVIN

Docket No. 78-4479. Submitted June 22, 1979, at Detroit.—Decided November 20, 1979.

In a divorce action between Patricia A. Irvin and Arthur M. Irvin an injunction was issued which prevented Arthur M. Irvin from changing the beneficiaries on a policy of insurance on his life. Arthur violated that injunction by substituting the couple's children, David A. Irvin and Deborah D. Irvin, as beneficiaries in place of Patricia A. Irvin. Arthur M. Irvin then died. Patricia Irvin brought an action to recover the proceeds of the insurance policy, naming as defendants David Irvin, Deborah Irvin and Metropolitan Life Insurance Company. The Macomb Circuit Court, George R. Deneweth, J., granted summary judgment in favor of the defendants, holding that the plaintiff had failed to state a cause of action upon which relief could be granted. Plaintiff appeals. *Held:*

1. The death of the violator of an injunctive order in a pending divorce action is no bar to a court's power to order a return to the status quo which preceded the violation. The plaintiff did, therefore, state a cause of action upon which relief could be granted, and summary judgment upon that ground was inappropriate.

2. The trial court had ordered that the insurance proceeds be deposited with the court. Defendants moved to set aside that order and in so doing alleged a number of facts which were not disputed. The motion to set aside the order may be treated as a motion for summary judgment on the basis that except for the amount of damages there was no dispute as to any material fact. Upon that basis, the trial court's grant of summary judgment was not erroneous.

3. Plaintiff alleged that a constructive trust should have been imposed for her benefit. However, on the facts of this case, the imposition of a constructive trust was not warranted.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation §§ 182, 1010.
[2] 76 Am Jur 2d, Trusts § 221.

1. DIVORCE — INJUNCTIONS — VIOLATION OF INJUNCTIONS — DEATH
   OF PARTY.

    A court may order a return to the status quo which preceded a
    violation of an injunctive order in a divorce action; the subse-
    quent death of the violator is no bar to the exercise of such
    power.

2. EQUITY — TRUSTS — CONSTRUCTIVE TRUSTS.

    A constructive trust is a remedial equitable device employed to
    prevent injustice in a particular case, and is to be imposed by a
    court of equity only if conscience demands it.

*Joseph E. Mihelich,* for plaintiff.

*Rock, Roberge, Hennings & Coburn* (by *Robert L. Coburn* and *Nelson B. Stieper),* for defendants.

Before: N. J. KAUFMAN, P.J., and D. C. RILEY and J. X. THEILER,* JJ.

J. X. THEILER, J. Plaintiff initiated this action to recover the proceeds of an insurance policy issued by defendant Metropolitan Life Insurance Company upon the life of the late Arthur M. Irvin, plaintiff's estranged husband. The proceeds of the policy were paid to defendants David A. Irvin and Deborah D. Irvin, the natural children of plaintiff and the deceased Arthur Irvin, because the deceased had substituted David and Deborah as beneficiaries in place of plaintiff. The substitution of beneficiaries unquestionably violated a preliminary injunctive order issued in a divorce action pending between plaintiff and Arthur Irvin, who died before the divorce proceeded to judgment.

In granting summary judgment in favor of defendants, the trial court ruled that plaintiff's complaint failed to state a cause of action because the divorce proceeding and all orders entered therein had abated as a result of Arthur M. Irvin's death,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

thus precluding any remedy in the nature of contempt. The trial court also ruled that the facts of the case would not give rise to the imposition of a constructive trust in favor of plaintiff.

A court may order a return to the status quo which preceded a violation of an injunctive order in a divorce action, and the subsequent death of the violator is no bar to the exercise of such power. *Webb v Webb*, 375 Mich 624, 627; 134 NW2d 673 (1965). The trial court in the instant case thus had the power to grant plaintiff the relief she sought, and her complaint, on its face, stated a cause of action upon which relief could be granted.

However, while summary judgment under GCR 1963, 117.2(1) was inappropriate, the opinion below indicates that the trial court also ruled that plaintiff was not entitled to relief on the basis of the undisputed facts. In defendants' motion to set aside the trial court's order for deposit of funds, defendants alleged that plaintiff had failed to state a claim upon which relief could be granted, because her claim was without a basis in fact. Defendants then alleged numerous facts which plaintiff did not dispute. Defendants' motion to set aside the order for deposit of funds was supported by affidavits. We find that defendants' motion to set aside the order for deposit of funds was also a motion for summary judgment within the meaning of GCR 1963, 117.2(3). Therefore, the trial court's determination that plaintiff was not entitled to relief on the basis of the undisputed facts was a grant of summary judgment under GCR 1963, 117.2(3).

Plaintiff argues that the trial court should have imposed a constructive trust for her benefit upon the insurance proceeds paid to her children, David

and Deborah. A constructive trust is a remedial equitable device employed to prevent injustice in a particular case. See *Union Guardian Trust Co v Emery,* 292 Mich 394, 404-407; 290 NW 841 (1940). A court of equity will impose a constructive trust only if conscience demands it. *Id.*

In the present case, the preliminary injunctive order, which ordered Arthur M. Irvin not to make changes in his life insurance policy, was entered to preserve the assets for a proper property settlement upon divorce. However, as a result of Arthur M. Irvin's death, plaintiff became the sole owner of a substantial amount of jointly held property. In all likelihood, she was put in a better position than she would have enjoyed had Arthur M. Irvin obeyed the injunctive order and had the divorce action proceeded to judgment. Although plaintiff would have received the insurance proceeds if Arthur M. Irvin had not removed her name as beneficiary, we do not find, in light of the undisputed facts, that she was thereby deprived of property in a manner warranting the imposition of a constructive trust.

Affirmed. Costs to appellees.