No. 84-120

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF

CLARENCE E. LAWRENCE,

Petitioner and Appellant,

and

ALMA K. LAWRENCE,

Respondent and Respondent.

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Carter,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lucas & Monaghan; Gary L. Day, Miles City, Montana

For Respondent:

Richard O. Harkins, Ekalaka, Montana
Ira Eakin, Baker, Montana

Submitted on Briefs: July 3, 1984

Decided: September 13, 1984

Filed: SEP 13 1984

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The Estate of Clarence E. Lawrence appeals from an order of the District Court of the Sixteenth Judicial District, Carter County, dismissing his petition for dissolution of marriage. We affirm the District Court's decision.

The facts of this case are not in dispute. Clarence E. Lawrence, the appellant, and Alma K. Lawrence, the respondent, were married in September of 1935 in Belle Fourche, South Dakota. Both parties were long-time residents of Montana. During the course of the marriage the parties accumulated real and personal property, including a 3,500 acre ranch located in Montana and Wyoming.

On March 22, 1983, the appellant filed a petition for dissolution of the marriage. A hearing on the petition for dissolution was held on August 22, 1983. The appellant was unable to attend because of illness. However, he submitted an affidavit to the court indicating that he wished the matter to proceed, and outlined the circumstances supporting his position in favor of dissolution. Following the presentation of evidence, including oral testimony of the respondent, wife, the court took the matter under advisement without entering any judgment, either oral or written. Within minutes after the hearing concluded, the appellant died in a South Dakota hospital. The appellant left a will which included the following provision:

> "If my wife, ALMA K. LAWRENCE, survives
> me and we are married at the time of my
> death, then I give to her so much of my
> net estate as Alma K. Lawrence would have
> the right to elect to take by virtue of

-2-

> the laws of the State of Montana, or any
> other State which laws may apply at my
> death.  In the event my wife predeceases
> me, then the portion she would have taken
> shall be distributed in accordance with
> Article III below."

On August 24, 1983, the respondent filed a motion to dismiss the action because of appellant's death, which was granted in an order dated January 11, 1984.  In that order, the District Court made its findings of fact and conclusions of law, including the following findings:

> "5. That there was serious marital
> discord which adversely affected one or
> both of the parties towards the marriage
> and the parties have lived separate and
> apart since 1980;

> "6. That there was no reasonable prospect
> of reconciliation."

The issue on appeal is whether the death of a party to a dissolution proceeding prior to the entry of a decree abates the action, in a case where significant property rights will be affected by the decree, or lack thereof.

The appellant's counsel argues that the death of the appellant following the dissolution hearing should not abate the action, despite the fact that no judgment had been entered in the matter at that time, either orally or in writing.  Appellant maintains that because there was sufficient evidence on the record to prove that the marriage was irretrievably broken at the conclusion of the dissolution hearing, the District Court should be required to enter a decree of dissolution.

The issue presented for review is one of first impression in Montana.  However, the general rule in other jurisdictions is clear:

> "A cause of action for divorce is purely
> personal, and . . . terminates on the

> death of either spouse; and if an action
> for a divorce is commenced, and one of
> the parties dies thereafter, but before
> entry of the final decree, the action
> abates. The judicial power is ended when
> a party dies before the entry of a
> decree. . . " 24 Am.Jur.2d Divorce and
> Separation, section 176 (1983).

See also Annot., 158 A.L.R. 1205, 1206 (1945). This rule applies even when the disposition of significant property rights will be determined by the entry of a decree, or lack thereof. Tiedman v. Tiedman (Mich. 1977), 255 N.W.2d 632, 634-35; Daly v. Daly (Utah 1975), 533 P.2d 884, 885-86; Larson v. Larson (S.D. 1975), 235 N.W.2d 906, 909-10.

The most commonly cited rationale for the majority rule is that when a party to a dissolution action dies prior to entry of a decree, the marriage is terminated as a matter of law, for there remains nothing for the court to dissolve. Larson, supra at 909; Tiedman, supra at 634; In re Marriage of Shayman (1973), 111 Cal.Rptr. 11, 13. The divorce court is thus divested of jurisdiction to take any action on matters such as property distribution which are incidental to the primary object of changing the status of the parties. Wood v. Parkerson (Colo. 1967), 430 P.2d 467, 468-69; Larson, supra at 909; Tiedman, supra at 634-35.

In support of his position, the appellant cites Judson v. Anderson (1945), 118 Mont. 106, 165 P.2d 198, and Deich v. Deich (1958), 136 Mont. 566, 323 P.2d 35. The factual circumstances of both of these cases are similar: one of the parties to a divorce died after a final decree had been entered, and the judgment of the trial court was appealed. An issue on appeal was whether the action abated for the purpose of appeal upon the intervening death of one of the parties. We ruled that where property interests are

-4-

involved, an appeal in a divorce case does not abate upon the death of a party pending its determination. Judson, supra at 125, 165 P.2d at 207; Deich, supra at 577-78, 323 P.2d at 42. The circumstances of the instant case are distinctly different from those operating in Judson and Deich, where the marriage of the parties had already been dissolved by a judgment. We do not believe the holding in Judson and Deich should be extended to those cases where no divorce decree of any kind has been entered by the trial court. Instead, we adopt the majority rule and hold that an action to dissolution of marriage abates upon the death of either party prior to the entry of decree, and at that time the trial court loses jurisdiction to determine incidental issues such as the disposition of property rights involved in the marriage.

The appellant also contends that a decree of dissolution must be entered in this case under section 40-4-104, MCA. Section 40-4-104 states in pertinent part:

> "(1) The district court shall enter a decree of dissolution of marriage if:
>
> ". . .
>
> "(b) the court finds that the marriage is irretrievably broken, which findings shall be supported by evidence:
>
> "(i) that the parties have lived separate and apart for a period of more than 180 days next preceding the commencement of this proceeding; or
>
> "(ii) that there is serious marital discord which adversely affects the attitude of one or both of the parties towards the marriage;
>
> "(c) the court finds that the conciliation provisions of the Montana Conciliation Law and of 40-4-107 either do not apply or have been met;"

Appellant argues that the statutory language mandates entry of a decree once a judge has made the required findings. In this case, however, the findings and conclusions of the District Court were not issued until January of 1984, over four months after the death of the appellant. Following the appellant's death, the District Court lacked jurisdiction to enter a divorce decree and properly granted the respondent's motion to dismiss.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____
Justices

-6-