No. 88-64

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
RODNEY GLENN BUTLER,

        Petitioner and Respondent,

   and

ALBERTA ESTHER BUTLER,

        Respondent and Appellant.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
              In and for the County of Flathead,
              The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Donald E. Hedman, Whitefish, Montana

    For Respondent:

        Alexander & Baucus; Ward E. Taleff, Great Falls,
        Montana

---

Submitted on Briefs: June 2, 1988

Decided: June 21, 1988

Filed: JUN 2 1 1988

*Ethel M. Harrison*

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Alberta Butler appeals from the judgment of the District Court, Eleventh Judicial District, Flathead County, dissolving the marriage of Alberta and Rodney Butler and distributing the marital property. We reverse and remand for introduction of evidence relevant to the appraisal of motel property consistent with this opinion.

The issues considered on appeal are:

1. Did the District Court err in basing motel property value on a 1982 tax appraisal in the face of current appraisal testimony and market conditions?

2. Did the District Court err in refusing to recognize the rights of survivorship from marital property owned in joint tenancy when husband died after the dissolution decree but before final property settlement?

Rodney and Alberta Butler were married in 1963. Two children born of the marriage have reached their majority. Alberta was age forty-two at the time of trial. Rodney, age forty-eight at the time of trial, was a teacher in Chester, Montana, where the Butlers owned a home in joint tenancy with right of survivorship.

In August 1982, the Butlers purchased an eighteen-unit motel, the Cedar Lodge, in Columbia Falls, Montana, for $245,000. From the time of purchase until March 1984, Rodney resided in Columbia Falls and commuted to Chester to teach. During this time, Rodney contributed approximately $2,000 a month to the joint account to assist in maintaining the motel. After the parties separated in March 1984, the wife managed the motel alone and had no other source of income. Other marital property was equitably disbursed and is not at issue here.

2

The Butlers separated in March 1984. Rodney filed for divorce in January 1985 and was diagnosed with terminal cancer in September 1986. A decree dissolving the marriage was entered in December 1986 with property settlement left pending. Findings of fact, conclusions of law and an order dividing the marital estate were entered February 1987. The District Court, in April 1987, set a hearing on Alberta's motion to alter or amend the February 1987 order; a hearing was held on this motion in July 1987. The District Court entered its order denying the motion to alter or amend in December 1987, and this appeal followed. It must be noted that Rodney died in June of 1987, prior to the hearing on the motion and prior to the Court's ruling on the motion.

Issue 1. Valuation of Motel Property

Alberta contends that Rodney was awarded substantially free and unencumbered property including his teacher's retirement, the home in Chester and his personal car. This left him with a net distribution of property worth over $63,000.

Alberta was given the motel and contends its value is not greater than $163,000, the highest independent appraisal, and sets the debt on the property at $207,500. The District Court valued the property at $251,718 and set the debt on the property at $185,000. Thus, the wife contends she has been put in a deficit situation.

The District Court's value of $251,718 on the Cedar Lodge is identical to the market value on the 1986 Assessment Notice from the Flathead County Assessor. This notice was entered as plaintiff's exhibit 3. At trial, a real estate agent, a local motel owner and a court-appointed appraiser testified as to the value of the motel. These values ranged from $120,000 to $163,000. After the court adopted the tax

3

assessment value in its findings of February 1987, the wife's counsel obtained an affidavit from the appraisal supervisor of Flathead County which stated:

> The opinion of market value on the real estate known as the Cedar Lodge Motel . . . was made as of January 1, 1982, . . . Property values in Columbia Falls have been adversely affected since the date of our appraisal. That effect would be best demonstrated by a more recent appraisal of the property. [Emphasis added.]

Based on this affidavit, the District Court agreed to consider the wife's motion to amend the findings and limited new evidence to that relating to the value of the Cedar Lodge Motel.

A second hearing was held in July 1987. The court's "supplemental order" of December 1987 found the testimony of independent appraisers "not persuasive" and refused to change the value of the motel.

In Re Marriage of Krause (1982), 200 Mont. 368, 654 P.2d 963, set forth three principles surrounding property valuations:

> (1) Proper valuation is not tied to a specific event. (2) There may be more than one valuation point, depending on the kind of property involved, and (3) preferably valuation should occur at the time of distribution or stated another way present market values should be used. [Emphasis added.]

Krause, 654 P.2d at 968.

Section 40-4-202, MCA, gives the District Court authority to equitably apportion marital property in a dissolution proceeding. The District Court has discretion to give whatever weight it sees fit to the testimony of appraisal experts. Marriage of McCormack (Mont. 1986), 726 P.2d 319,

4

321, 43 St.Rep. 1835, 1836. In Marriage of Watson (Mont. 1987), 739 P.2d 951, 44 St.Rep. 1167, we found that the District Court has far-reaching discretion in resolving property divisions. The well-established standard of review in this state is that its judgment will not be altered unless a clear abuse of discretion is shown. Findings of fact will not be set aside unless they are clearly erroneous. Watson, 739 P.2d at 954.

In view of the current appraisal testimony on the Cedar Lodge Motel, we find it was an abuse of the District Court's discretion to accept an outdated appraisal used in the tax assessment. The difference between the highest current appraisal and the tax assessment used by the court is nearly $89,000. This difference is clearly significant.

Appellant wife contends the District Court's failure to recognize the current appraisals after granting wife's motion to amend was error and catastrophic to the wife. We agree. The District Court admits in its order of April 14, 1987, that the "tax appraisal . . . figure is now suspect as a true value of the property as of December 1986." In spite of this, the District Court erroneously used the tax appraisal as the motel's value in its final supplemental order of December 1987. On remand the District Court should base its valuation on current appraisals of the Cedar Lodge Motel and not solely upon a 1982 Department of Revenue valuation.

Issue 2. Right of Survivorship

By deed dated July 12, 1974, the Butlers acquired property in Chester, Montana. This property was owned in joint tenancy with right of survivorship. Section 40-4-202(1), MCA, gives authority, in a proceeding for dissolution of marriage to ". . . equitably apportion between the parties the property and assets belonging to either or both,

5

however and whenever acquired and whether the title thereto is in the name of husband or wife or both . . ."

The District Court, in its findings, conclusions and order dated February 23, 1987, Exhibit A thereof, grants the husband property described merely as "House in Chester." We do not approve of the inadequate real property descriptions in Exhibit A of this order. Legal descriptions of real property are necessary to insure proper disbursement of the property in dispute. Although there is no complete description of the property in the District Court's order of February 23, 1987, we are able to determine from the record on appeal that this reference, i.e., "House in Chester," is to the following described real property situated in the City or Town of Chester, County of Liberty, and State of Montana, to-wit:

> The West 90 Feet of Lots 7, 8, 9, and 10, and the South 70 Feet of the West 90 Feet of Lot 6, Block 10, Hamilton's Addition to the Townsite of Chester, according to the official plat thereof now on file and of record in the office of the Clerk and Recorder of Liberty County, Montana, said property being more particularly described as follows: Beginning at the Southwest corner of said Block 10, thence Northerly along the West Boundary line of said Block 10, a distance of 140 Feet to a point, thence Easterly at right angles and Parallel to the South boundary line of said Lot 10, a distance of 90 Feet, thence Southerly at right angles and Parallel to the East boundary lines of said Lots 6, 7, 8, 9 and 10, a distance of 140 Feet, thence Westerly along the Southerly boundary line of said Lot 10 a distance of 90 Feet to the point of beginning.

We conclude from the February 23, 1987, order that the District Court awarded the Chester property to the husband and severed the joint tenancy.

Appellant contends that the District Court erred in refusing to recognize that the title to this property was held in joint tenancy with right of survivorship and should therefor have given the wife ownership of the Chester property after the husband's death. Appellant contends that, because husband died before the final resolution of property division, the wife's right of survivorship remains. Whether the order of February 23, 1987, effectively severed the joint tenancy is the issue relating to the property in Chester.

On March 12, 1987, appellant Alberta moved the District Court for an order amending its February 23, 1987 findings of fact, conclusions of law and order. On April 27, 1987, the District Court entered an order setting the March 12, 1987 motion for hearing but limited the evidence the court would receive at the hearing to "evidence relating to the value of the Cedar Lodge Motel." The matters that the District Court agreed to hear on the motion to amend had no relation to and did not affect the Chester property. The District Court's February 23, 1987 order effectively distributed the Chester property to the husband.

Depending upon the determination on remand of the value of the parties' interest in the Cedar Lodge Motel, it may be necessary for the District Court to reconsider the allocation of any or all of the marital estate to reach an equitable distribution.

Reversed and remanded.

_____
Chief Justice

7

We concur:

_John Conway Harrison_

_(signature)_

_John C Sheehy_

_R. C. McDonough_

_William E Hunt Sr_

_L.C. Gulbrandson_
Justices