No. 90-053

# IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

IN RE THE MARRIAGE OF RODNEY GLENN BUTLER,
  Petitioner and Respondent,

   and

ALBERTA ESTHER BUTLER,
  Respondent and Respondent,

   and

DALE BUTLER,
  Intervenor and Appellant,

GINA KAY COLWELL,
  Intervenor.

**FILED**

JUL 13 1990

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:  District Court of the Eleventh Judicial District,
    In and for the County of Flathead,
    The Honorable Michael H. Keedy, Judge presiding.


COUNSEL OF RECORD:

   For Appellant:

      Katharine S. Donnelley and Leo Berry; Browning,
      Kaleczyc, Berry & Hoven; Helena, Montana

   For Respondent:

      Donald E. Hedman; Hedman, Hileman & LaCosta;
      Whitefish, Montana
      Jeffrey D. Ellingson; Ellingson Law Offices,
      Kalispell, Montana (Estate of R.G. Butler)
      Patrick D. Sherlock; Sherlock & Nardi; Kalispell,
      Montana (Colwell)

   Amicus Attorneys:

      Lewis K. Smith; Teachers' Retirement Board; Helena,
      Montana

                    Submitted on Briefs:  June 14, 1990

                         Decided:  July 13, 1990

Filed:

_____
              Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This appeal involves the distribution of teacher retirement benefits as part of a marital estate. The intervenor appellant, Dale Butler, appeals the order of the Eleventh Judicial District Court, Flathead County, awarding one-half of the teacher's retirement benefits of his deceased brother, Rodney Glenn Butler, to Rodney's former spouse, Alberta Esther Butler, and the other half to Rodney's estate. The court's order is the result of a remand from an earlier appeal, prior to which order the retirement benefits were being paid to Dale Butler. We affirm the District Court's award of one-half the retirement benefits to Alberta as part of the marital estate and decline, in this divorce action, to determine title to the remaining benefits, as that issue is not properly before us and involves a question outside of this dissolution.

The issue on appeal is as follows: Did the District Court err in holding that the deceased husband's teacher's retirement benefits, which were being paid to the named beneficiary after entry of the initial decree, should be redistributed as part of the martial estate upon appeal and remand from the initial decree of dissolution?

Rodney and Alberta were married in 1963. Two children born of the marriage have now reached the age of majority. Rodney was a teacher in Chester, Montana, where the Butlers owned a home in joint tenancy with right of survivorship.

In August of 1982, the Butlers purchased the Cedar Lodge, a

1

motel in Columbia Falls, Montana, for $245,000.00. The parties managed the motel together, with Rodney commuting to Chester to teach, until March of 1984 when the parties separated. Rodney then returned to Chester and Alberta continued management of the motel alone as her sole source of income.

Rodney filed for divorce in January of 1985; he was diagnosed with terminal cancer in September 1986. The District Court dissolved the marriage in December 1986, and entered an order dividing the marital estate in February 1987. The court awarded Rodney his teacher's retirement and the home in Chester and awarded Alberta the motel. In April of 1987 the District Court set a hearing for July 1987 on Alberta's motion to alter or amend the property distribution. Rodney married a second wife, Tammy, shortly before his death. He died on June 17, 1987, prior to the hearing. At this time Rodney's brother Dale, as the named beneficiary of the teacher's retirement account, began receiving monthly survivorship benefits of $ 1,048.02 per month.

In December of 1987, the District Court denied Alberta's motion to alter or amend and the first appeal ensued. See In re Marriage of Butler (1988), 232 Mont. 418, 756 P.2d 1159. In our first opinion we found that the District Court abused its discretion by utilizing an outdated appraisal of the Cedar Lodge Motel. We remanded the case for determination of the parties' interest in the motel, stating that "it may be necessary . . . to reconsider the allocation of any or all of the marital estate to reach an equitable distribution." Butler, 756 P.2d at 1162.

A hearing was held upon remand on July 12, 1989, and the court entered its memorandum and order on October 6, 1989, redistributing the property. The court essentially revalued the motel at zero net value due to existing encumbrances. The District Court did not disturb its prior award of the Chester home, where Tammy now resides, to Rodney. The court ordered Dale to account for and return to the marital estate all retirement benefits received, and awarded one-half of such benefits to Alberta Ester Butler in lieu of the first award of the defunct Cedar Lodge Motel. The Court awarded the other half to the Estate of Rodney Butler.

On February 6, 1989, appellant Dale Butler intervened alleging that he had a vested property right to the retirement benefits precluding the District Court from redistributing such benefits as marital property. On April 18, 1989, Gina Kay Colwell, one of the adult children of Rodney and Alberta, also intervened. She alleged that pursuant to Rodney's last will and testament and his correspondence with the Teachers' Retirement System, a trust was created by Rodney out of his teacher's retirement account naming Dale as trustee and Gina and her sister Cynthia Rae Buck as beneficiaries. She alleges that Dale has breached the fiduciary duty he has as trustee and has also breached the covenant of good faith and fair dealing. Thus, all the parties claim an interest in the teachers' retirement benefits.

It is well-settled that a district court has far-reaching discretion in resolving property divisions. In re Marriage of Luisi (1988), 232 Mont. 243, 247, 756 P.2d 456, 459. Its judgment

3

will not be altered or overturned absent a clear abuse of discretion nor will its findings of fact be set aside unless they are clearly erroneous. Butler, 756 P.2d at 1161; Marriage of Watson (1987), 227 Mont. 383, 387, 739 P.2d 951, 954. By statute the district court has the power to

> finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both.

Section 40-4-202, MCA. Montana law is well-settled that teachers' retirement benefits are properly considered to be a marital asset at the time of dissolution. In re Marriage of Sirucek (1985), 219 Mont. 334, 339, 712 P.2d 769, 772; In re Marriage of Rolfe (1985), 216 Mont. 39, 46, 699 P.2d 79, 83; Sowell v. Teacher's Retirement System (1984), 214 Mont. 200, 207, 693 P.2d 1222, 1226.

Dale contends that the District Court cannot retrieve benefit payments and the right to receive them and place them back in the marital estate because his right to receive them vested upon Rodney's death. He relies heavily on the following language from the Sowell case:

> Even though Montana recognizes that the pension fund of one spouse must be included in the marital estate at the time of a divorce action, we have not adopted the community property concept in this state. Property can be owned and separately controlled by one spouse without the permission of the other. We hold that, consistent with this separate ownership concept, a spouse has the right to nominate the beneficiary of retirement account proceeds without consultation or permission from the other spouse and can designate a beneficiary other than the spouse. Although the retirement account proceeds must be included as a marital asset at the time of divorce, at the time of death those proceeds can be excluded from the decedent's estate and from any claim by the survivor.

4

, 693 P.2d at 1226. (Emphasis by appellant.)

Sowell is distinguishable from the case at bar. There, the decedent husband, who died sometime after the divorce was in full force and effect, failed to change the beneficiary designation of his teachers' retirement benefits from a former wife to his widow. The widow claimed an interest in those benefits. This Court held that the widow did not have an interest in those benefits, which were vested with the former spouse and designated beneficiary, absent an affirmative act by the husband changing the beneficiary. Here, at the time the beneficiary designation was made and when Dale began receiving benefits, the dissolution was still pending and therefore was subject to subsequent appeal of the property distribution, and our instructions on remand to consider all property for reallocation. Where property interests are involved, an appeal in a divorce case does not abate upon the death of a party pending its determination. In re Marriage of Lawrence (1984), 212 Mont. 327, 330, 687 P.2d 1026, 1028; Deich v. Deich (1958), 136 Mont. 566, 577-578, 323 P.2d 35, 42; Judson v. Anderson (1945), 118 Mont. 106, 125, 165 P.2d 198, 207.

Dale and amicus curiae, the Teachers' Retirement Board, also contend that by statute, teachers' retirement benefits are not subject to legal process, and that the Board has in rem jurisdiction over such funds prior to payment to a member or designated beneficiary. See §§ 19-4-706 and 19-4-1001, MCA. The Board further contends that once vested in a beneficiary the District Court must obtain in personam jurisdiction over a

beneficiary before it can redirect payments.

These arguments beg the question. As long as a dissolution is still pending, the district court need not "obtain" jurisdiction over retirement benefits because it already has continuing jurisdiction over such benefits as part of the marital estate until the dissolution is final. Sowell, 693 P.2d at 1226; Lawrence, 687 P.2d at 1028. Here the District Court was faced with a difficult situation upon remand as to how to reallocate the marital estate. In light of this and the District Court's equitable powers regarding property disposition, we find no clear abuse of discretion in the award of one-half of the teacher's retirement benefits to the former spouse Alberta.

However, Appellant Dale is correct in asserting that any claims of the other intervenor Gina Kay Colwell or Rodney's estate are not properly before this Court. Title to the remaining one-half interest in the retirement accounts is to be determined in a separate matter. The order of the District Court is affirmed with respect to the award of one-half of the teacher's retirement account to Alberta Esther Butler, and the awarding of the other half of the retirement award is vacated.

**AFFIRMED IN PART.**

_____
Justice

We Concur:

_____
Chief Justice

6

John Conway Harrison

Daniel G. Barr

_____

Justices