JUSTICE TRIEWEILER
dissenting:
I dissent from the majority opinion.
The Department of Administration had a clear legal duty to pay retirement benefits to Patricia Neuhausen, and the statutes relied upon by the majority in no way prohibited it from doing so.
The Department’s duty arose from the Amended Final Decree of Dissolution entered by the Flathead County District Court on November 28, 1990. That decree dissolved the marriage of Patricia Neuhausen and Martin Neuhausen, divided the Montana Highway Patrol Retirement benefits equally between the parties, and ordered the administrators of the retirement funds to issue separate checks to Patricia and Martin for their respective interests in those benefits.
The District Court clearly had jurisdiction to enter such an order. We have repeatedly recognized that pension funds are included in the marital estate. (See Sowell v. Teachers Retirement System (1984), 214 Mont. 200, 693 P.2d 1222; Marriage of Butler (1990), 243 Mont. 521, 795 P.2d 467.) By statute, the district court has the power and duty to:
[FJinally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both.
Section 40-4-202(1), MCA.
The District Court’s decree discharging its statutory duty to divide the marital estate created a legal duty on the part of Nachtsheim to pay those benefits according to the District Court’s decree. Neither of the statutes relied upon by the majority alter that legal obligation.
Section 19-6-406, MCA, simply prohibits use of retirement benefits or diversion to any purpose other than for the benefit of the member. In this case, the member was Martin Neuhausen and the administrator was ordered to pay the benefits for his benefit in discharg *304 ing his obligation to divide his marital estate. It is interesting that at no time in these proceedings has Martin appeared or objected to the method by which the administrator was ordered to perform the administrative task that he would otherwise have to perform. Martin had an obligation to share his benefits with his former wife, and the administrator was ordered to assist him with the satisfaction of that obligation by issuing separate checks. Doing so was in no way adverse to Martin’s interests. Therefore, the District Court’s order was not precluded by § 19-6-406, MCA.
Likewise, the District Court’s order in no way violated § 19-6-702, MCA. The District Court’s order did not result in “increased, decreased, revoked or repealed” benefits to which Martin was entitled. It simply directed where they were to be paid. When it did so, they were assets of the marital estate over which the District Court had jurisdiction and which the District Court was authorized to divide pursuant to the previously stated authorities.
The majority opinion exalts form over substance. This Court has repeatedly held that pensions are to be included in marital estates and can be divided equitably. Yet, the majority now reverses the District Comb’s effort to do so in this case in a more administratively convenient manner by concluding that if the administrator writes two checks instead of one, the benefits have been modified.
The benefits are modified, if at all, when the District Comb divides them. The fact that the same total amount is distributed by the administrator in two checks instead of one does not in any substantive way modify the benefits.
The District Comb’s peremptory writ was a reasonable effort to accomplish a property division, which has been repeatedly authorized by this Comb, with the least amount of unnecessary interaction between the parties following the dissolution of their marriage. This Court’s reversal of that decision, based upon its rigid application of statutes which were never intended for the purpose to which they have been applied, simply reinforces the bureaucratic mind set that should have been discouraged by an additional award of attorney fees and costs on appeal.
I will not address the other issues raised on appeal because they were not the basis for the majority’s opinion. However, considering those issues, in addition to the one on which the opinion is based, I would completely affirm the judgment of the District Court.