**In re the ESTATE OF Beverly J. PECK, Deceased.**

**Executors of the ESTATE OF Beverly J. PECK, Appellant,**

v.

**Ronald PECK, Appellee.**

No. 92–843.

Supreme Court of Iowa.

March 24, 1993.

E. Ralph Walker, Suzanne J. Kruse, and CeCelia C. Ibson of Brown, Winick, Graves, Donnelly, Baskerville, and Schoenebaum, Des Moines, for appellant.

Mark McCormick of Belin, Harris, Lamson, McCormick, P.C., Des Moines, and Orville Bloethe of Bloethe & Van Zee, Victor, for appellee.

Considered by LARSON, P.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

Beverly Peck died during the pendency of the dissolution case between Beverly and her husband, Ronald. The court dismissed the dissolution action, without a decree, on the ground it was abated by Beverly's death. The estate moved to reopen the dissolution case, but the motion was denied, and the estate's appeal of that order was ultimately dismissed.

Beverly's estate then filed this action to impose a constructive trust on Ronald's assets, claiming he was unjustly enriched

by Beverly's death prior to the entry of a dissolution decree. The district court granted summary judgment for Ronald, and we affirm.

Beverly's children by a prior marriage are the executors of her estate and the beneficiaries of her will. Ronald, who was excluded by the will, elected to take his intestate share. The estate does not challenge his right to do so. But, it claims that if the dissolution case had been completed, Beverly would have received a substantial share of the marital assets. Those assets should now be subjected to a constructive trust for the benefit of Beverly's estate, according to its argument.

While this appears to be a case of first impression in Iowa, the underlying principles of law are well established. A constructive trust is an equitable remedy applied for purposes of restitution, to prevent unjust enrichment. *Regal Ins. Co. v. Summit Guar. Corp.*, 324 N.W.2d 697, 704 (Iowa 1982). Three categories of constructive trusts are recognized: (1) those arising from actual fraud, (2) those arising from constructive fraud such as appropriation of property by fiduciaries or others in confidential relationships, and (3) those based on equitable principles other than fraud. *Id.* at 705.

Beverly's estate concedes that Ronald was not guilty of actual or constructive fraud under the first two grounds. But it contends that the third ground is applicable because it is inequitable for Ronald to retain assets that would have been granted to Beverly through the dissolution. While the estate concedes that Ronald's continued ownership of the marital assets is not illegal, it claims it is "unjust."

The claim of unjust enrichment is based on the estate's contention that Ronald

remains in possession of the disputed property because of Beverly Peck's untimely death before the court could accommodate the dissolution trial [alleged by the estate to be caused by delays beyond Beverly's control]. It is clear that his retention of such property is in direct contravention of Beverly Peck's wishes.

Beverly's wishes and expectations, however, do not establish any rights to marital property after her death. As the Pennsylvania Superior Court has noted in a similar case,

if [the parties] were validly married, their marriage was terminated by [the husband's] death and not by decree of divorce. The widow's property rights must be determined accordingly. She is not entitled to pursue equitable distribution in the abated divorce action.

*Myers v. Myers*, 397 Pa.Super. 450, 580 A.2d 384, 385–86 (1990). The court in *Myers* held that, because a pending divorce action is abated by the death of a party, all economic claims are similarly abated. *Id.* 580 A.2d at 385.

If mere wishes or expectations of a party may provide the basis for an unjust enrichment claim, the potential for using constructive trusts is virtually unlimited. Expectant beneficiaries under a will that was never executed because of the death of the proposed testator might claim that, but for the unexpected death of the testator or delays of the drafting lawyer, they would have shared in the estate. Such an argument obviously must fail. In the will case, as in the present case, the potential owner of property has no vested rights in it at the time of death.

Other examples of expectant "rights" that could be gained or lost because of an intervening death are not difficult to imagine. One such case is *Irvin v. Irvin*, 93 Mich.App. 770, 286 N.W.2d 920 (1979). In *Irvin*, a surviving spouse whose husband died during the pendency of their divorce action attempted to impose a constructive trust on insurance proceeds she would have received if her late husband had obeyed a court order to retain the wife as beneficiary. A summary judgment denying the claim was affirmed by the court of appeals.

In *In re Marriage of Lawrence*, 212 Mont. 327, 687 P.2d 1026 (1984), an estate objected to dismissing the dissolution case on the death of a party because distribution had not been made. The estate asked that the dissolution court be permitted to deter-

mine "incidental" issues such as the disposition of property rights and enter a decree after the husband's death. The Montana court refused. Noting the general rule that a dissolution is a purely personal action that abates on the death of either party, the court said:

> This rule [of abatement] applies even when the disposition of significant property rights will be determined by the entry of a decree, or lack thereof.

> The most commonly cited rationale for the majority rule is that when a party to a dissolution action dies prior to the entry of a decree, the marriage is terminated as a matter of law, for there remains nothing for the court to dissolve. The divorce court is thus divested of jurisdiction to take any action on matters such as property distribution which are incidental to the primary object of changing the status of the parties.

*Id.* 687 P.2d at 1028 (citations omitted).

In the present case, if *Ronald* had died before the dissolution was completed, Beverly could have benefited substantially at the expense of Ronald's heirs. It just did not happen that way. As Ronald notes,

> [f]or all sad words of tongue or pen, The saddest of these are: "It might have been!"

*Maud Miller*, John Greenleaf Whittier.

Ronald's continued ownership of marital assets is not "unjust"; it is what the law has provided to him. The estate has, therefore, failed to establish the necessary prerequisite for the establishment of a constructive trust. We affirm the summary judgment.

**AFFIRMED.**