**In re the MARRIAGE OF Bernard V. CONNELL, Jr., Appellant,**

**and**

**Jeanne C. Connell, Appellee.**

**No. 93CA0259.**

Colorado Court of Appeals,
Div. I.

Feb. 10, 1994.

Mary F. Lee, P.C., Mary F. Lee, Lakewood, for appellant.

No appearance for appellee.

Opinion by Chief Judge STERNBERG.

The sole issue in this case is whether the trial court may enter a decree of dissolution of marriage when one of the parties has died prior to entry of the final decree. Bernard J. Connell (husband) appeals *ex parte* from the trial court's denial of his motion to set aside the dissolution decree. He contends that the dissolution of marriage action abated as a matter of law upon the death of Jeanne C. Connell (wife). We agree and, therefore, reverse.

The wife, who was disabled, was represented by a legal guardian and conservator during the pendency of the dissolution action. Husband and wife's guardian signed a Separation Agreement which fully resolved all matters relating to property division, custody of the couple's minor children, and support. The Agreement was submitted to the court together with an Affidavit for Entry of Decree Without Appearance of the Parties, as allowed under § 14–10–120.3, C.R.S. (1987 Repl. Vol. 6B).

A decree of dissolution, incorporating the Separation Agreement, was signed by a district court magistrate on July 1, 1992. However, unbeknownst to the magistrate, the wife had died six days earlier on June 25, 1992.

Husband subsequently filed a motion to set aside the decree of dissolution and to dismiss the action with prejudice. The district court denied the motion, finding that the parties' Separation Agreement and Affidavit for Entry of Decree Without Appearance evidenced the parties' "clear intent" to dissolve the marriage. The court reasoned that the administrative delay between the filing of the parties' affidavit and entry of the final decree "should not work to defeat the clearly expressed intent of the parties."

Husband argues that the district court erred as a matter of law in refusing to set aside the decree. We agree.

A divorce action is purely personal in nature, and the trial court's authority in such proceedings is circumscribed by statute. *See Menor v. Menor,* 154 Colo. 475, 391 P.2d 473 (1964). Further, the court's power to issue orders relative to property and support is merely incidental to the primary object of dissolving the parties' marital status. *Wood v. Parkerson,* 163 Colo. 271, 430 P.2d 467 (1967). Therefore, upon the death of a party during the pendency of a divorce action, "the general rule of law is that a divorce action immediately abates, for the object sought to be attained by final decree already is accomplished by the prior death of one of the parties, and there remains no status of mar-

riage upon which a final decree of divorce may operate." *Estate of McLaughlin v. Craig,* 117 Colo. 67, 71, 184 P.2d 130, 132 (1947).

Although the foregoing cases were decided prior to the adoption of the Uniform Dissolution of Marriage Act in 1971, *see* Colo.Sess. Laws 1971, ch. 130 at 520, we perceive nothing in that statute which would alter the majority rule applied in those cases.

 Judicial action is necessary to dissolve a marriage, even when the parties have amicably resolved all issues pertaining to the dissolution. *See* §§ 14–10–106, 14–10–107(6), 14–10–110, 14–10–112, C.R.S. (1987 Repl.Vol. 6B). Moreover, if, as here, there are minor children involved, court approval of a separation agreement between the parties is not automatic nor simply ministerial. *See* §§ 14–10–112 and 14–10–120.3(3), C.R.S. (1987 Repl.Vol. 6B). Further, under Colorado law, a decree of dissolution or legal separation is not final until it has been signed and entered in the court register of actions. *See* § 14–10–120(1), C.R.S. (1987 Repl.Vol. 6B); C.R.C.P. 58(a).

It necessarily follows under this statutory framework that if either spouse dies prior to the entry of a valid decree, the marriage is terminated as a matter of law and the trial court is divested of jurisdiction to proceed further in the dissolution.

We note that other jurisdictions which have adopted the Uniform Dissolution of Marriage Act continue to adhere to this long-established rule of abatement. *See Howard v. Howard,* 49 Ill.App.3d 441, 7 Ill.Dec. 303, 364 N.E.2d 464 (1977); *Winters v. Cooper,* 827 S.W.2d 233 (Mo.App.1991); *In re Marriage of Lawrence,* 212 Mont. 327, 687 P.2d 1026 (1984).

*In re Marriage of Piper,* 820 P.2d 1198 (Colo.App.1991) does not lead to a different result. There, the spouse died *after* a valid decree of dissolution had been entered; thus, the action properly was not abated.

 Although Colorado has a general survivability statute, § 13–20–101, C.R.S. (1987 Repl. Vol. 6A), this statute has not been interpreted to preempt the traditional rule of abatement in divorce actions. *See Publix*

*Cab Co. v. Colorado National Bank,* 139 Colo. 205, 338 P.2d 702 (1959). *Accord Poon v. Poon,* 244 Cal.App.2d 746, 53 Cal.Rptr. 365 (1959) (under similar survivability statute). We conclude that, in view of the unique nature of dissolution actions and the absence of any survivability provisions under the Colorado UDMA, the rule of abatement set forth in *Wood v. Parkerson* and *Estate of McLaughlin v. Craig* remains applicable in dissolution of marriage actions.

 Therefore, we hold that the decree of dissolution entered on July 1, 1992, subsequent to the wife's death, was void for lack of jurisdiction, and the district court erred as a matter of law in denying husband's motion to set aside the decree.

The court's order is reversed, and the cause is remanded with directions to vacate the dissolution decree.

TURSI and BRIGGS, JJ., concur.