HART et al. v. BRITTON. (No. 7876.)

(Court of Civil Appeals of Texas. Dallas. June 2, 1917. Rehearing Denied June 30, 1917. Retaxation of Costs Denied Oct. 6, 1917.)

APPEAL AND ERROR &#9758;781(4) — DISMISSAL — EXTINCTION OF MATTER IN LITIGATION.

Appeal from judgment requiring school trustees to observe a teacher's contract will be dismissed, where the contract term for which the teacher had been employed had expired, since as to the teacher's right to teach the school for that term only a moot question was presented, and the fact that, incidental to such relief, it was necessary to determine the existence and validity of the teacher's contract and other matters, and to allow mandamus and injunction, was immaterial.

Appeal from District Court, Wood County; R. M. Smith, Judge.

Suit by R. C. Britton against L. B. Hart and others. Judgment for plaintiff, and defendants appeal. Case dismissed.

Campbell & Mansell, of Alba, for appellants. Jones & Jones, of Mineola, for appellee.

RASBURY, J. Appellee, R. C. Britton, sued appellants, L. B. Hart and the trustees of Bellefont school district, of Wood county, to determine whether appellee, Britton, or appellant Hart was entitled to teach the public school in said district. There was a trial before the court, resulting in judgment in favor of appellee, from which this appeal is prosecuted. Upon demand of appellants the court filed conclusions of fact, the sufficiency of the testimony to sustain which is not challenged, those facts essential to a disposition of the appeal being in substance the following:

On April 26, 1916, the trustees of Bellefont common school district in writing employed appellee at a monthly salary of $75 to teach said school for a term of six consecutive months, commencing October 9, 1916, unless otherwise agreed between appellee and said trustees. August 3, 1916, the trustees rescinded their action and canceled the contract with appellee, because of appellee's "record at Quitman," and of objections by the patrons, notifying appellee of their action the following day. August 5, 1916, appellee notified the county superintendent of public instruction of the action of the trustees and of his desire to appeal therefrom. The county superintendent informed appellee that he would hear said matter on appeal, after first attempting to adjust the matter by securing an exchange of schools for appellee. The county superintendent was unable to effect the suggested exchange, and on September 2, 1916, in response to prior notice from the county superintendent, the school trustees assembled at the former's office for the purpose of "investigating the validity" of appellee's contract with the trustees. There was a hearing, at which all interested were afforded ample opportunity to be heard on the question, and at which time it was shown that the trustees had discharged appellee because of immoral conduct, and because appellee had pleaded guilty to a charge of slander in the county court of Wood county. At the conclusion of the hearing the county superintendent ruled that appellee's contract was in force and effect. The county superintendent also advised the trustees that his action was final, unless revised on appeal, to the county board of education, and that he would, if the trustees wished, convene that board. Action was deferred at request of the trustees for a few days, at which time one of the trustees advised the county superintendent not to convene the board. On September 5, 1916, the trustees employed appellant Hart to teach Bellefont school. The county superintendent refused to approve the contract. When the school convened on October 2, 1916, appellee appeared and tendered his services as teacher, which were declined, and the trustees placed said Hart in charge of the school, notwithstanding appellee protested, and declared his willingness to teach same. On October 3, 1916, on application of appellee, the district judge in chambers, on ex parte hearing, enjoined appellant Hart from teaching said school, and enjoined the trustees from interfering with appellee in teaching said school. On November 7, 1916, the injunction on full hearing was dissolved on conditions now unimportant. On November 14, 1916, there was a trial of the case, at which the facts recited above were developed, and

upon which the court by its judgment decreed that appellee's contract was valid, and hence binding upon the appellant trustees, and under authority of which appellee was entitled to teach said school, enjoined appellant Hart from teaching the school or collecting any salary therefor, and ordered the issuance of mandamus requiring the trustees to observe the contract with appellee and issue vouchers to him in payment of his agreed compensation at the expiration of each scholastic month.

Prior to submission of the appeal, counsel for appellant filed herein a motion to dismiss the case. Action on the motion was deferred, pending submission of the whole case. Accordingly it is proper to consider that issue first. The motion to dismiss is bottomed on the claim, in substance, that the subject-matter of the suit—that is, the right to teach Bellefont school for the term ending April 2, 1917—cannot be enforced in this court, because such term has expired. The relief sought by the pleadings, and reflected in and awarded by the judgment, is plainly to secure to appellee the right to teach the school for the term covered by his contract with the trustees, which term expired before the case was submitted on appeal. It is true that, incidental to such relief, it became necessary for the court to determine the existence and validity of appellee's contract, and to enjoin appellant from acting under his attempted employment by the trustees, and to mandamus the trustees to observe appellee's contract by paying to appellee the agreed compensation. Such decrees and orders, however, did not enlarge or change the subject-matter of the suit, but were incidental to and necessary to enforce the relief granted. Such being the purpose of the suit, that issue and those incidental thereto, present moot questions, because not now attainable, or enforceable, in this court, and as a consequence will not be reviewed. Gordon v. State, 47 Tex. 208; Lacoste v. Duffy, 49 Tex. 767, 30 Am. Rep. 122; McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720; Watkins v. Huff, 94 Tex. 631, 64 S. W. 682; Southwestern T. & T. Co. v. Galveston County, 59 S. W. 589; Old River Rice Co. v. Stubbs, 133 S. W. 494; Ansley et al. v. State, 175 S. W. 470.

In Watkins v. Huff, supra, a case quite similar to the instant case in the purpose sought to be attained, the trial court awarded mandamus, upon application of Huff, requiring Watkins, as county superintendent, to approve a contract made by Huff with the school trustees, by which he was employed to teach the public schools for a period of nine months. In disposing of the case it was said, in substance, that it appeared that the term of service contracted for had expired, and that the cause of action, however meritorious at its inception, had ceased to exist, and an adjudication of the issue on appeal would be unavailing, and, being so, appellate courts would decline to determine same, but would dismiss the case. The facts in the instant case bring it well within the rules announced in the cases cited, and we therefore conclude that the case should be dismissed, as in McWhorter v. Northcut, supra, without prejudice to any subsequent litigation between the parties for salary under the contract or damages growing out of appellee's discharge by the trustees.

It is therefore ordered that the case be dismissed from the docket of the district court.