## LEDBETTER v. LEDBETTER. (No. 6266.)

(Court of Civil Appeals of Texas. Austin. Feb. 9, 1921. Rehearing Denied March 30, 1921.)

1. Divorce ⬨200—Power to determine property rights dependent upon granting divorce.

Under Rev. St. art. 4634, the power of the court to determine property rights is dependent upon the granting of a divorce to one of the parties.

2. Abatement and revival ⬨69—Action for divorce dismissed on appeal on death of appellant.

Where judgment of divorce was entered for wife, and property declared community, each party being entitled to an undivided one-half interest, and defendant appealed, but died after submission of the cause on appeal, a motion by appellee, requesting the court to reverse the cause and order it dismissed from the docket of the trial court, will be granted, since the issues thereby become moot, including the property rights, under Rev. St. art. 4634.

3. Appeal and error ⬨843(1)—Court will not concern itself with moot questions.

The appellate court will not concern itself with decision of abstract and moot questions which can lead to no practical relief.

4. Abatement and revival ⬨69—Appeal and error ⬨781(1)—Statutes, providing that cause will not abate on appeal on death of party, inapplicable where questions have become moot.

Rev. St. arts. 1618, 1549, to the effect that a cause appealed to one of the appellate courts will not abate upon death of either party to the record, are not applicable, where the questions involved on the appeal have become moot by reason of the death of a party, such as in a divorce case.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by Lena D. Ledbetter against J. P. Ledbetter for divorce. Judgment for plaintiff, and defendant appealed. Motion by plaintiff on suggestion of death of defendant to reverse judgment and dismiss case. Motion granted, and judgment reversed, with instructions to dismiss action.

Baker & Weatherred, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellee.

BRADY, J. Mrs. Lena D. Ledbetter, appellee, sued J. P. Ledbetter, appellant, for divorce upon one or more statutory grounds, and prayed that the property in controversy be set apart to her as her separate property, and that she be granted a homestead right therein. Appellant filed a cross-action for divorce on several grounds, and prayed that the property be set aside to him as his separate property. The court peremptorily instructed the jury to return a verdict for Mrs. Ledbetter, upon the issue of divorce, and submitted several special issues relating to the property questions. Upon a verdict favorable to Mrs. Ledbetter, the court entered judgment, granting her a divorce and declaring the property to be community, each of the parties owning and entitled to an undivided one-half interest therein. The decree also set aside the property to Mrs. Ledbetter as a homestead, during the pendency of appeal and until the judgment became final, free from interference, control, or occupancy by her husband. From this judgment, the appeal has been prosecuted.

⬨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Opinion.

Since the submission of the cause to this court, appellant, J. P. Ledbetter, has died. Appellee makes a suggestion of death, and has filed a motion, requesting the court to reverse the cause and order it dismissed from the docket of the district court. The ground of the motion is that the questions presented by the appeal have now become moot, and it is no longer necessary nor proper for this court to determine the issues involved in the appeal. It is urged that the property rights are merely incidental to the issues presented by the pleas for divorce, and, the main case having failed, the entire subject-matter of the suit has ceased to exist.

[1-3] We are of the opinion that the motion is well taken, and should be granted. The death of the appellant, J. P. Ledbetter, makes it unnecessary for this court to determine the issues of divorce. Under the statute, article 4634, the power of the court to determine property rights is dependent upon the granting of divorce to one of the parties. See, also, Burns v. Burns, 59 Tex. Civ. App. 549, 126 S. W. 333. If we should reverse and remand the case, as requested by appellant's counsel, the trial court would be without power to either enter a decree for divorce or to adjudicate the property rights, under the case made by the pleadings. The appellee, who obtained the judgment for divorce and establishing rights in the property, asks that the case be reversed and dismissed from the docket. In this situation, we think to now determine the issues of the appeal would be to decide abstract and moot questions, which can lead to no practical relief. The rule is well settled that a court will not concern itself with the decision of such questions, where the only question left is the liability for costs. 3 Corpus Juris, 357, 358, 360, 365, 1022; McWhorter v. Northcut, 94 Tex. 86. 58 S. W. 720; La Coste v. Duffy, 49 Tex. 768, 30 Am. Rep. 122; Hart v. Britton, 197 S. W. 592; Bolton v. City of San Antonio, 4 Tex. Civ. App. 174, 23 S. W. 279.

[4] It is difficult to understand why counsel for appellant should resist the motion to reverse and dismiss the cause. In their brief they ask this court to reverse and remand the case. If this course were pursued, there would be nothing left for the trial court to adjudicate under the issues of this case. The appellee, holding a judgment for divorce and also for property rights, does not now ask an affirmance, but seeks a reversal and dismissal. Nevertheless, appellant's counsel insist that we should still determine the merits of the appeal, relying upon article 1618, Revised Statutes. This article is virtually the same as article 1549, and is to the effect that a cause appealed to one of the appellate courts will not abate upon the death of either party to the record, but the court shall proceed to adjudicate the cause and render judgment as if all the parties were still living. We do not think these statutes are applicable to this character of case, nor, indeed, to any case where the questions involved on the appeal have become moot. This conclusion is not based on the idea that death alone will abate the appeal, but that the issues involved on the appeal have, by reason of death, become moot, and a decision of the questions is no longer necessary, because it can lead to no practical relief. The cases cited by appellant's counsel are not in point.

It is also urged that the heirs of appellant have an interest in the property which should be settled, and also have the interest that the matters in controversy as to the divorce should be decided, to remove any stigma that may have attached by the judgment against appellant. We do not think there is any substantial merit in these suggestions. The dismissal of the cause will be without prejudice to the parties interested to litigate any property questions in another proceeding. The reversal of the judgment removes any supposed stigma upon the name of appellant, as, indeed, his death has done, prior to an adjudication of his appeal.

Upon the question of costs, we have decided that it is equitable to divide the costs equally, and one-half of the costs of the appeal will be adjudged against the sureties upon appellant's bond and the remainder against appellee.

The motion is granted, and the cause reversed, with instructions to the trial court to dismiss the case from the docket.

Motion granted. Cause reversed, with instructions.

JENKINS, J., not sitting.