**BLAIN et al. v. BROUSSARD.**

**No. 2994.**

Court of Civil Appeals of Texas. Beaumont.

Dec. 3, 1936.

W. R. Blain, of Beaumont, for appellants.

C. T. Butler and D. F. Sanders, both of Beaumont, for appellee.

WALKER, Chief Justice.

On the 24th day of April, 1935, Carrie Broussard instituted this suit for divorce in the district court of Jefferson county against her husband, John Broussard, and for partition of the following described community property: Three milk cows, one Jersey bull, two calves, sixty chickens, and household furniture. On the 3d day of September, 1935, John Broussard filed in said cause a written waiver of service and duly entered his appearance. On the 4th day of September the court made the following entry on its civil docket:

"Sept. 4, 1935. Divorce and Judgment for property as agreed upon awarded Plaintiff as per decree on file."

John Broussard died on the 10th day of September, 1935. On the 19th day of September, 1935, Carrie Broussard filed the following motion to set aside the decree of divorce theretofore granted in her favor:

"Comes now Carrie Broussard, Plaintiff in the above-entitled and numbered cause, and moves this Honorable Court to set aside any order or decree of the Court heretofore entered in this cause, and to dismiss this suit, and as grounds for said motion, would show unto the Court;

"1. That Plaintiff filed her Petition for divorce against John Broussard on April 24, 1935; that on September 4, 1935, and within 30 days since the filing of this motion, upon a hearing hereof the Court rendered his decision and order granting a divorce of the parties upon payment of costs.

"2. This Plaintiff would further show unto the Court that no costs were ever paid, and that shortly thereafter, and on the 10th day of September, A.D. 1935, the Defendant, John Broussard, died.

"3. This plaintiff says that 30 days time has not elapsed since the hearing on said divorce proceedings, and that this Court still has jurisdiction over any said order entered therein; and plaintiff says that the

Defendant being now deceased, she no longer desires to prosecute this suit, but here and now moves this Honorable Court to arrest said judgment or order; to set aside each and any order heretofore entered in this cause, and to dismiss this suit at Plaintiff's costs."

On the 19th day of September, 1935, that motion was granted by the following decree duly entered in the minutes of the court:

"On this the 19th day of September, A.D. 1935, came on to be considered the Motion of the Plaintiff, Carrie Broussard in the above-entitled and numbered cause, for an order of this Court setting aside all orders and decrees heretofore made and entered in this cause and dismiss this cause from the docket of said court, and the Court having found that heretofore, to-wit, on September ·4, 1935, at a former day of this term of this Court, upon a hearing of the divorce petition of the Plaintiff herein, the Court announced its decree or order granting Plaintiff a divorce from the Defendant, upon payment of the costs by Plaintiff; and the Court further finds that no costs have been paid therein, and no final judgment or order or decree has been entered upon the Minutes of this Court; and the Court having further found that since the date of said ·divorce hearing the Defendant has died, and that at the time of his death the divorce decree between him and this Plaintiff had not become a final judgment or decree of this Court, and that Plaintiff has duly and timely made and filed her Motion herein;

"It is, therefore, Ordered, Adjudged and Decreed that the Order and Decree of this Court and the Judgment of divorce made in this cause on September 4, 1935, granting Plaintiff a divorce from the Defendant upon the payment of all costs, are hereby in all things set aside and held for naught, and this cause is hereby dismissed at Plaintiff's costs, and Plaintiff's Motion is in all things granted."

W. R. Blain was duly appointed administrator of the estate of John Broussard. On the 25th day of September, 1935, W. R. Blain, temporary administrator of the estate of John Broussard, joined by certain heirs of John Broussard, filed their original plea of intervention in the suit of Carrie Broussard v. John Broussard to have the judgment of divorce rendered in said cause on the 4th day of September, 1935, entered of record nunc pro tunc, and to have the order entered on the 19th day of September, 1935, granting Carrie Broussard a new trial and dismissing her suit, set aside and held for naught; on the 22d day of November, 1935, with the consent of the court, they filed their second amended original motion, praying for the same relief. That motion was refused by the court by judgment of the 30th of November, 1935. In support of that judgment, the lower court filed the following conclusions of fact and law:

"I find that on the 24th day of April, 1935, Carrie Broussard filed suit for divorce against her husband, John Broussard in this cause, in which suit she asked for the division of community property as therein alleged.

"That on the 4th day of September, 1935, said cause came on for trial and the defendant having filed a waiver of citation, the plaintiff appeared and testified in her own behalf, and that after hearing the testimony in the case, divorce was granted the plaintiff with the division of the property awarded her in accordance with the agreement of the parties, it being announced in open Court that the division had been agreed upon.

"I find that on the 19th day of September, 1935, the plaintiff, Carrie Broussard, filed a motion in this cause in which she recited the filing of her original petition, and also reciting that on the 4th day of September, upon a hearing of this cause the Court rendered a decision and order granting divorce of the ·parties upon the payment of costs, and further reciting that the Court costs had not been paid, and that on the 10th day of September, the defendant, John Broussard, had died, which motion further stated 'defendant now being deceased, she, plaintiff, no longer desires to prosecute this suit' and move the Court to arrest said judgment and order it to set aside each and every order entered in the cause, and dismiss the suit.

"I find that on the same date, to-wit: September 19th, an order was entered in this cause setting aside the divorce granted on September 4th, 1935, and dismissing the cause.

"I further find that the costs were not paid in the case, and that the judgment of divorce was never entered in the minutes of the Court.

"I further find that on the 25th day of September, 1935, W. R. Blain, as Tempo-

rary Administrator of the Estate of John Broussard, Deceased, and others claiming to be heirs of John Broussard, filed a motion in this cause asking that the cause be reinstated and that the decree of divorce be entered, and alleging that John Broussard had died on September, 10th, leaving at the time of his death a policy of life insurance in the sum of Two Thousand ($2,000,00) Dollars, and that W. R. Blain had been duly appointed and qualified as Administrator of the Estate of John Broussard, Deceased.

"I further find that said W. R. Blain, Temporary Administrator, et al, filed their amended motion to set aside the order dismissing this cause, and to enter said judgment of record on November, 22, 1935, and that upon a hearing had the general demurrer and special exceptions of the plaintiff were sustained to said motion, and that leave was granted the Intervenors to intervene in this cause and to amend their said motion, and that on the said 22nd day of November, 1935, the said W. R. Blain and other Intervenors filed their Second Amended Motion and Plea in Intervention, and that the same was heard together with the answer of the plaintiff thereto on November 30, 1935; that at said hearing the argument of counsel was had on said motion, and that without hearing any evidence in the case, said motion was refused and overruled.

"Conclusions of Law

"I conclude, as the law in this case, that plaintiff's motion to set aside the judgment rendered and to dismiss her cause of action, having been filed during the term at which the decree of divorce was granted, the Court was authorized under the law, either upon said motion or upon its own motion, to set aside said decree and dismiss the suit, the Court having full control and authority over its judgments during the term; that no rights vested in the heirs or the Administrator of said Estate of John Broussard by reason of the granting of said divorce, and that no right or interest vested in his Estate, or in the policy of insurance upon his life, which was made payable to his wife, Carrie Broussard, and that the facts stated in said motion were not sufficient to authorize (if true) the setting aside of said decree and order of dismissal."

Opinion.

By their petition of intervention to set aside the order granting Carrie Broussard a new trial and to enter nunc pro tunc the decree of divorce granted on the 4th day of September, 1935, the administrator and the heirs of John Broussard made a showing of a substantial estate belonging to John Broussard, deceased, and that the entry nunc pro tunc of the decree of divorce was necessary to protect that estate. Therefore, the lower court correctly permitted these parties to file their plea of intervention in said cause; the rule on this proposition is thus stated by 25 Tex.Jur. 438: "It would seem that any person interested, even not a party to the proceeding, may apply to have the record corrected so that it will speak the truth." See, also, Renois v. Griffith (Tex.Civ.App.) 230 S.W. 1067. On the showing made by the plea of intervention, it was the duty of the court to enter the decree of divorce nunc pro tunc, provided the court was in error in granting Carrie Broussard a new trial. Of course, if the new trial was correctly granted, then no substantial right would accrue to interveners by entering the decree of divorce nunc pro tunc.

It is the well-established law of Texas that courts have control over their judgments until they become final by operation of law. The rule is thus stated by 25 Tex.Jur. 546: "During the period prior to the time when the judgment becomes final the court has plenary power over it and may, upon its own motion or motion of a party, vacate, modify, correct or reform the same, or grant a new trial, according to the justice of the case, upon the merits as well as for matters of form."

However, the rule thus stated must be understood with this qualification—at the time a new trial is granted the court must have jurisdiction both of the parties and of the subject-matter to the same extent as when the original judgment was entered; if the jurisdiction of the parties or of the subject-matter has been lost by the court after the entry of the original judgment, then the order granting the new trial would be absolutely void.

In this case the trial court had jurisdiction of Carrie and John Broussard, and of their marital status when the original judgment of divorce was granted on the 4th day of September, 1935. The sub-

ject-matter of that suit was the marital status between the plaintiff and the defendant. The death of either party prior to the entry of the divorce decree would have withdrawn the subject-matter of litigation from the jurisdiction of the court, and a decree of divorce entered after the death of either party would have been absolutely void. Kirschner v. Dietrich, 110 Cal. 502, 42 P. 1064, 1065.

The following rule is announced by 9 R.C.L. 453 on the effect of the death of a party to a divorce proceeding, after the entry of the judgment:

"Proceedings to vacate it will not lie after the death of the complainant. * * * There is authority for the broad rule that a judgment or decree of divorce cannot be vacated after the death of the plaintiff; this view is based on the ground that nothing is sought to be affected but the marital status of the husband and wife, that the distribution of property in such an action is merely incidental, and that on the death of either party, whether before or after the decree, the subject of the controversy is eliminated; that if the judgment is vacated the case cannot be retried; and that the executors of the deceased party who are substituted as parties cannot represent the deceased or those interested in the matter. Such a vacation it is held cannot be had under any inherent power of the court to set aside void judgments, because should the court enter a judgment of vacation without having jurisdiction of the parties to the judgment, it would be guilty of proceeding in the matter ex parte, and so far as property rights are concerned, if there are any, if the judgment is void, such rights are in no way affected by it, and all the avenues are open for the determination of such rights, where the parties affected can all be heard."

In Dwyer v. Nolan, 40 Wash. 459, 82 P. 746, 1 L.R.A.(N.S.) 551, 111 Am.St.Rep. 919, 5 Ann.Cas. 890, discussing the power of the court to set aside a divorce decree after the death of the plaintiff, the Supreme Court of Washington said: "We will not enter into an investigation of the question presented as to whether or not the service in the divorce proceeding was sufficient to give the court jurisdiction of the person of the defendant, for the reason that there are no proper parties to this proceeding, and in the nature of things, the plaintiff having died, that the question of divorce cannot be relitigated."

In Beavers v. Bess, 58 Ind.App. 287, 108 N.E. 266, 270, discussing the effect of the death of one of the parties to a divorce proceeding, the court said: "The decisions may, with propriety, but not with technical accuracy, be classified under three different classes: (1) The death of the party who obtained a decree of divorce, either before or after the suit is brought to set aside the same, terminates the right to contest the validity of the divorce proceeding. (2) Where the party is dead who obtained a decree of divorce through fraud, the other party may have the same vacated. (3) That only where property rights are involved can a decree of divorce obtained by fraud be set aside after the death of the party obtaining the same."

In Kirschner v. Dietrich, supra, it was said: "The action was solely for the purpose of procuring a judgment of divorce between the parties,—a purely personal action, which would not survive the death of either party, and which, upon the death of the plaintiff, could not be further prosecuted or defended, whether her death was before or after judgment. *If she had died prior to the entry of judgment, there could have been no judgment in the case, and her death subsequent to the entry of judgment deprived the court of all power to review its action and determine her right to a divorce.* [Italics ours.] The action having been brought to change the personal status of the plaintiff in her relations towards the defendant, it is evident that upon the termination of her life there was no personal status which a judgment could change. * * * The effect of the plaintiff's death upon the action is not changed by reason of the question or property which is suggested by the appellant. * * * The primary and substantive subject of litigation in a suit for divorce is the personal relation of the parties, and their right to the community property is but incidental thereto."

The same principle of law, denying the courts power to grant the defendant a new trial in a divorce case after the death of the plaintiff, controls the judgment after the death of the defendant. In Dawson v. Mays, Administrator, 159 Ark. 331, 252 S. W. 33, 30 A.L.R. 1463, the Supreme Court of Arkansas held that an order granting the plaintiff a new trial in her divorce proceeding against her husband after his death was absolutely void.

It is the contention of appellee that the death of John Broussard did not withdraw from the trial court jurisdiction of the marriage status between the parties as it existed on the date of the entry of the divorce proceeding, and therefore the trial court had plenary power to grant the new trial. In support of that contention, she cites Mefford v. Mefford (Mo.App.) 26 S.W.(2d) 804. The Mefford Case does not support appellee's contention; property rights were involved in the Mefford Case, and, therefore, it falls within the following rule announced by 9 R.C.L. 453: "On the other hand, where the judgment or decree affects property rights, the death of one party or both parties does not affect the right of the unsuccessful party or his or her representative to institute vacation proceedings. This is permitted not for the purpose of continuing the controversy touching the right to a divorce or annulment itself but for the ascertainment of whether the property has been rightly diverted from its appropriate channel of devolution."

In Gato v. Christian, 112 Me. 427, 92 A. 489, 490, Ann.Cas.1917A, 592, on this same proposition the court said: "The first question that arises is the validity of the order of court setting aside the decree of divorce and granting a new trial. This was done notwithstanding * * * the wife had died. * * * But her death did not of itself render the decree unassailable. The great weight of authority sustains this power in the courts where property rights are involved, although the libelant has died since the decree. * * * The court, when convinced that the libelee had not had his day in court, and that this was due to no negligence on his part, but to some oversight or mistake on the part of the court or of the attorney for the libelant, had the power, acting upon the motion of the libelee, or even upon its own initiative to vacate the decree. It is a power, inherent in the court during the term at which the decree is entered, to correct errors and right wrongs of this nature. * * * This legal doctrine is universally accepted, and the power is daily exercised by the courts, for the prevention of fraud or error and the furtherance of justice."

On the authorities cited, it is our conclusion that the order of the lower court granting Carrie Broussard a new trial after the death of John Broussard was absolutely void, and that appellants pleaded a cause of action supporting their contention that the judgment decree of date the 4th of September, 1935, should now be entered nunc pro tunc. The judgment of the lower court is reversed and the cause remanded.