In the Matter of the MARRIAGE OF Tonya Ann WILBURN and Ted Allan Wilburn.

No. 12–99–00292–CV.

Court of Appeals of Texas, Tyler.

April 20, 2000.

Rehearing Overruled May 31, 2000.

Ebb B. Mobley, Longview, for Appellant.

James Clark Wyly, Texarkana, for Appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

JIM WORTHEN, Justice.

Appellant Tonya Ann Wilburn ("Tonya") appeals from the trial court's June 22, 1999 order partially setting aside an order granting a motion for new trial in her decree of divorce from Ted Allen Wilburn ("Ted"). The June 22nd order from which Tonya appeals also establishes Ted's father, Tommy D. Wilburn ("Tommy"), as trustee of Ted's life insurance proceeds for the benefit of her two sons. In two issues, Tonya contends that the trial court had no jurisdiction to enter the June 22nd order because of Ted's death and that it abused its discretion in appointing Tommy as a trustee of Ted's life insurance proceeds for the benefit of her minor children because there was no evidence to support it. We will reverse and remand for further proceedings.

## BACKGROUND

Tonya and Ted were married in 1991, and had two children during their marriage. In July of 1997, Ted filed for divorce, and two months later, Tonya filed a cross-action for divorce. On November 20, 1998, the trial court conducted a bench trial, and afterwards, the trial judge pronounced its ruling from the bench granting the divorce, dividing the property and establishing conservatorship of the two mi-nor children. Further, it noted the granting of the divorce on its docket sheet.

On December 29, 1998, Ted was killed in an automobile accident. Subsequently, on March 19, 1999, the trial judge signed a divorce decree reducing its oral orders of November 20, 1998 to writing. On that same day, however, Tonya filed a motion for new trial which stated:

1. On March 19, 1999, a judgment was signed by this Court in this case.

2. The parties property rights to the employee retirement benefits and life insurance benefits are significantly affected depending upon whether the marriage was terminated by divorce or death. It is in the best interest of the children for their support and maintenance that the divorce judgment be set aside and a new trial be granted.

3. The granting of a new trial would not injure TED ALLAN WILBURN and would be in the best interest of his children.

4. Justice and the children's best interests will not be properly served unless a[sic] the divorce is set aside and a new trial is granted.

Four days later, on March 23, 1999, the trial court signed the following order on Tonya's motion for new trial:

On March 23, 1999, the Court heard the Motion for New Trial of TONYA ANN WILBURN. The Court finds that it is in the best interest of the children that the motion be granted. IT IS THEREFORE ORDERED that the motion is GRANTED and that a new trial is GRANTED. IT IS ORDERED that the Temporary Orders shall continue in force until further order of the Court.

On April 23, 1999, Tommy, the father of Ted, filed a Motion for Reconsideration of

the Order Granting New Trial.[1] Thereafter, on June 22, 1999, without hearing any further evidence, the trial court entered the following order:

> On March 23, 1999, this Court granted a partial new trial in the best interest of the children on the sole issue of the life insurance proceeds of Ted Allan Wilburn. The marital status of the parties and other property determinations were not affected by the partial new trial. On the 7th day of June, 1999, the parties appeared with counsel and a hearing was held. After consideration of briefs, argument of counsel, and upon hearing the evidence, the Court finds, in the interest of justice, the life insurance proceeds will remain as designated in the Decree and Tommy D. Wilburn is the proper beneficiary.
>
> IT IS THEREFORE ORDERED that the life insurance proceeds will remain as designated in the Decree and Tommy D. Wilburn is the proper beneficiary, and the prior Decree of Divorce entered on March 19, 1999, controls for all other matters. Any order to the contrary is invalid and hereby withdrawn.
>
> IT IS ORDERED that Ted Allan Wilburn's life insurance proceeds and interest on deposit with Maxine Barnett, District Clerk of Anderson County, Texas or the Employees Retirement System of Texas shall be distributed to Substitute Petitioner and beneficiary, Tommy D. Wilburn or a trust or annuity by Tommy D. Wilburn. Any previously ordered past due child support owed by the Estate of Ted Allan Wilburn is to be paid upon receipt of the life insurance funds. The net remainder of the funds are to be held or invested in trust by Tommy D. Wilburn or at his direction or approval for the benefit of NATHAN ALLAN WILBURN and COTA LANE WILBURN and to provide child support payments pursuant to this Court's March 19, 1999, Decree of Divorce.

Tonya timely appealed the June 22nd order contending in two issues that the trial court did not have jurisdiction to enter it and that the trial court abused its discretion in making Tommy the trustee of Ted's life insurance proceeds for the benefit of the two minor children. We will address these two issues together.

### DISSOLUTION OF THE MARRIAGE

■ Section 201 of AMERICAN JURISPRUDENCE 2D aptly defines marriage as follows:

> Marriage is a personal relationship between a man and a woman arising out of a civil contract to which the consent of the parties is essential. A marriage license, solemnized, and registered as provided, is valid in the State. A marriage may be contracted, maintained, invalidated, or dissolved only as provided by law.

52 AM. JUR.2D Marriage § 201 (Supp. 1999). In Texas, marriage may only be terminated by death or court decree. *Estate of Claveria v. Claveria*, 615 S.W.2d 164, 167 (Tex.1981). To determine how the marriage between Tonya and Ted was terminated, we must determine whether the trial court's oral pronouncement of divorce had any legal effect on the parties' marriage. A judgment routinely goes through three stages: (1) rendition; (2) reduction to writing; and (3) entry. *Oak Creek Homes, Inc. v. Jones*, 758 S.W.2d 288, 290 (Tex.App.—Waco 1988, no writ). A judgment is "rendered" when the matter submitted to it for adjudication is officially announced either orally in open court or by memorandum filed with the clerk.

---

1. Tommy was never substituted as the party of record at the trial court level, although he filed a suggestion of death regarding his son, Ted, and he appeared through counsel at two hearings held by the trial court on May 20 and June 7, 1999.

*Samples Exterminators v. Samples,* 640 S.W.2d 873, 875 (Tex.1982); *Oak Creek Homes, Inc.,* 758 S.W.2d at 290. The principle that an oral judgment is valid is predicated upon the supporting principle that the entry of a trial judgment is only a ministerial act. *Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex.1969). Thus, a written judgment signed by the trial judge is not a prerequisite to the finality of a judgment. *Id.* at 832–33. Consequently, the marriage between Tonya and Ted ended when the decree of divorce was orally pronounced on November 20, 1998.

## THE TRIAL COURT'S ORDER GRANTING NEW TRIAL

■ Having determined that Tonya and Ted were divorced at the time of Ted's death, we must next determine whether the trial court's order granting new trial had any effect on the divorce decree. In the instant case, Ted died in December of 1998, and the trial court signed the divorce decree on March 19, 1999. The trial court then granted a motion for new trial on March 23, 1999.

The facts of this case are strikingly similar to those found in *Blain v. Broussard,* 99 S.W.2d 993 (Tex.Civ.App.—Beaumont 1936, no writ). In *Blain,* the trial court orally granted a divorce on September 4th. On September 10th, the husband died. The wife then filed a motion for new trial which was granted by the trial court on September 19th. On appeal, the court held that the trial court's order granting a motion for new trial after the death of the husband was void because the trial court no longer had personal jurisdiction over him. *Id.* at 995–97.

Although *Blain* is applicable to this case, before proceeding with our jurisdictional

analysis under *Blain,* we will first revisit the supreme court's opinion in *Dunn,* which criticized *Blain. See Dunn,* 439 S.W.2d at 833. In *Dunn,* the trial court had orally decreed a divorce between husband and wife on May 24th. Two days later, on May 26th, the husband died. The wife filed a motion to dismiss the divorce on June 21st stating the court lacked jurisdiction to enter the divorce decree. The trial court denied the wife's motion and entered a written divorce decree pursuant to its oral orders of May 24th. *Dunn,* 439 S.W.2d at 831. Basing its decision upon the authority of *Ledbetter v. Ledbetter,* 229 S.W. 576 (Tex.Civ.App.—Austin 1921, no writ), the Tyler court of civil appeals reversed the trial court and remanded the case with instructions to dismiss it.[2]

The supreme court, however, reversed the Tyler court and affirmed the trial court's entry of the divorce decree. *Dunn,* 439 S.W.2d at 834. The supreme court based the rationale for this ruling upon the principle that the oral decree of divorce preceded the death of the husband and that the written decree after his death was only a ministerial act. *Id.* at 832. The supreme court thus determined that the marriage in *Dunn* had ended by divorce on May 24th rather than two days later on May 26th upon Mr. Dunn's death. *Id.* at 834. The supreme court then determined that because the divorce decree could be entered, the issue of property rights was still ripe for adjudication on appeal. *Id.* Thus, the holding in *Dunn* reversed the *Ledbetter* decision which had concluded that when the divorce action, which is a personal one, becomes moot, the incidental issues of property become moot as well.

■ It is clear from *Dunn* that the trial court maintains jurisdiction over

---

2. In *Ledbetter,* the husband died while the trial court's decree of divorce was on appeal. *Id.* at 577. The Austin court of civil appeals dismissed the appeal because the property questions which had been appealed were "merely incidental" to the personal issue of the actual divorce of the husband and wife.

*Id.* The court reasoned that with the death of the husband, the divorce action failed for mootness and that any incidental issues of the dissolution of the marriage itself such as property, should not be considered and that the trial court should dismiss the appeal in its entirety. *Id.*

property issues determined in a divorce decree that is pronounced before the death of one of the spouses. *Dunn,* 439 S.W.2d at 834. Yet the general rule in Texas is that the divorce action itself is purely personal in nature. *McKenzie v. McKenzie,* 667 S.W.2d 568, 571 (Tex.App.—Dallas 1984, no writ); *Garrison v. Texas Commerce Bank,* 560 S.W.2d 451, 453 (Tex.Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). A purely personal action, such as the actual divorce that dissolves a marriage, becomes moot upon the death of one of the spouses. *See id.* In *Dunn,* the personal nature of the divorce ended after the husband died on May 26th, yet the property rights portion of the judgment dissolving the marriage entered two days earlier was still ripe for appeal. *Dunn,* 439 S.W.2d at 834. *Dunn,* although including *Blain* and *Ledbetter* together in its analysis, never actually addressed the need for a court to have personal jurisdiction over the parties to the divorce itself as the *Blain* court had done. *Id.* at 833–34. Instead, it focused its analysis on the incidental property issues related to the dissolution of the marriage. *Id.* We therefore revisit *Blain* as it relates to the jurisdiction of a trial court to grant a motion for new trial of the divorce after a trial court has rendered a divorce decree.

 The purpose of a motion for new trial is to have the trial court correct errors which may have occurred in the course of the preceding trial. *Sandoval v. Rattikin,* 395 S.W.2d 889, 891 (Tex.Civ. App.—Corpus Christi 1965, writ ref'd). In *Blain,* the reason given by the wife in wishing to have the divorce from her deceased ex-husband set aside was that "she no longer desire[d] to prosecute this suit." *Blain,* 99 S.W.2d at 994. The Beaumont court of civil appeals determined that an order attempting to vacate the rendered divorce decree was void because the court no longer had personal jurisdiction over the husband. *Id.* at 996. At the time a

new trial is granted, the court must have jurisdiction both over the parties and the subject matter to the same extent as when the original judgment was entered. *Id.* at 995. Thus, if a trial court grants a motion for new trial to dissolve a divorce decree after one of the parties to the decree has died, it is "guilty of proceeding in the matter ex parte ..." *Id.* at 996. Furthermore, the trial court lacks personal jurisdiction over both parties, so its order is void; *Id.* at 995; *see American Gen. Fire & Cas. Co. v. Vandewater,* 907 S.W.2d 491, 492 (Tex.1995).

It is clear then from a careful reading of *Dunn* and cases cited therein that the supreme court was not criticizing the *Blain* court's holding that the trial court lacked jurisdiction to undo a divorce where a motion for new trial was filed by a surviving spouse after the death of the other party to the divorce decree. *Dunn,* 439 S.W.2d at 833–34. Instead, the supreme court's focus in *Dunn* was on the authority of the trial court to enter a written decree of divorce when a spouse had died subsequent to the oral pronouncement dissolving the marriage. *Id.* at 832. *Dunn* also clarified the fact that courts do have jurisdiction to reconsider property issues in the divorce decree after the death of one of the parties. *Id.* at 833–34.

 In her brief, Tonya maintains that the trial court did have jurisdiction to grant her motion for new trial following Ted's death. In support of her position, she cites *Turner v. Ward,* 910 S.W.2d 500 (Tex.App.—El Paso 1994, no writ) and *Nichols v. Nichols,* 907 S.W.2d 6 (Tex. App.—Tyler 1995, writ denied). These two cases, however, are readily distinguishable from the instant case because they involve attacks upon the *validity* of the divorce decree. In *Turner,* the court held that the trial court abused its discretion by not granting the wife a new trial on the basis that she had never received no-

tice that the trial court had granted the divorce decree. *Turner*, 910 S.W.2d at 505. When a party has answered in a divorce case, he or she is entitled to notice of trial pursuant to Rule 245 of the Texas Rules of Civil Procedure. *Id.* A trial court's failure to comply with the rules of notice in a contested case deprives a party of the constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of fundamental due process. *Platt v. Platt*, 991 S.W.2d 481, 483 (Tex.App.— Tyler 1999, no pet.). In the instant case, it is uncontroverted that both parties were properly before the court when the marriage was dissolved on November 20, 1998. Thus, *Turner* is not applicable to the case at bar because the initial divorce decree in that case lacked constitutional validity. Here, the validity of the decree granting the divorce and dissolving the marriage has never been attacked.

In *Nichols*, this court determined that a new trial should be granted following the death of the husband because the initial divorce had been obtained under duress. *Nichols*, 907 S.W.2d at 12. A judgment obtained under duress or fraud is voidable. *See Hollis v. Hollis*, 226 S.W.2d 129, 133 (Tex.Civ.App.—Amarillo 1949, writ dism'd w.o.j.). In this case, however, there have been no allegations of duress or fraud which would make the divorce decree itself voidable.

 Thus, relying upon the reasoning in *Blain* and other authorities cited herein, we hold that when an ex-spouse dies subsequent to the rendering of a divorce decree, a trial court has no jurisdiction to grant a motion for new trial to undo the divorce absent a showing of fraud, duress, or deprivation of due process. We also follow the holding in *Dunn* that a court maintains jurisdiction to reconsider the property rights incidental to the divorce or dissolution of the marriage itself even after the death of a party following the rendition of the divorce decree. Consequently, we conclude that the marriage of Tonya and Ted ended by divorce, that Tonya could not revisit the issue of their marital status following Ted's death, but that the trial court could reconsider property rights incidental to the divorce.

## THE JUNE 22, 1999 ORDER

 Tonya contends that the trial court's June 22nd order was void because the trial court no longer had jurisdiction over the divorce due to Ted's death; it merely had jurisdiction to undo the divorce. Because of our disposition of the March 23, 1999 order granting new trial, this complaint need not be addressed. As noted above, we have already held that the trial court did not have jurisdiction to vacate the divorce decree as to the parties' marital status but did have jurisdiction to reconsider property rights incidental to the divorce.[3] Thus, to the extent the trial court had determined property rights in the initial divorce decree, the order grant-

---

3. Had we not earlier held that the trial court's order granting new trial was void to the extent that it attempted to undo the divorce, we would be required to conclude that the June 22nd order is void to the extent it attempted to partially un-grant the motion for new trial. As noted above, the June 22nd order purports to re-characterize the March 23rd order granting new trial as an order that grants a new trial only as to the division of certain assets but which leaves the decree of divorce intact. The trial court entered its June 22nd order ninety-five days after signing its judgment. The June 22nd order attempted to describe the March 23rd order as granting only a partial new trial. The order of March 23rd, however, clearly attempted to grant a new trial in its entirety. When a trial court grants a new trial, it can vacate the order granting the new trial only within its plenary power. *Porter v. Vick*, 888 S.W.2d 789, 790 (Tex.1994). This plenary power of the trial court with regard to its grant of a new trial extends only for seventy-five days from the date the judgment was signed. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993). That date was March 19 and the court's plenary power to vacate its motion for new trial ended on June 3rd. Therefore, its June 22nd order attempting to partially undo

ing new trial vacated those determinations, and the trial court had jurisdiction to reconsider them.

 We thus turn to Tonya's complaint that there was no evidence to support the trial court's June 22nd order. When a motion for new trial is granted, the original judgment is set aside and stands generally as no trial has been had. *See Electrical Contracting & Maintenance Co. v. Perry Distrib., Inc.*, 432 S.W.2d 543, 547 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.). Following entry of the June 22, 1999 order, no findings of fact and conclusions of law were requested or filed; therefore, we must uphold the judgment on any valid legal theory supported by the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984); *Sharp v. Hobart Corp.*, 957 S.W.2d 650, 652 (Tex.App.—Austin 1997, no pet). At the hearing prior to entry of the June 22nd order, the trial court neither heard any testimony nor admitted any evidence. Further, no legal arguments as to the proper disposition of the property were entertained. Consequently, there exists no legal or factual basis for upholding the trial court's disposition of the property.

### CONCLUSION

Tonya's first issue is thus overruled because the trial court did not have jurisdiction to grant a new trial of the divorce but did have jurisdiction to grant a new trial as to the parties' property rights. *Blain*, 99 S.W.2d at 994; *see Dunn*, 439 S.W.2d at 833–34. Issue two is sustained on grounds that there was no evidence to support the characterization and division of the property at issue. The trial court's order of June 22, 1999 is *reversed* and the cause is *remanded for further proceedings* on the division of the marital estate's property consistent with this opinion.

its granting of a new trial was not entered within its plenary power. *Homart Dev. Co. v.*

*Blanton*, 755 S.W.2d 158, 159 (Tex.App.—Houston [1st Dist.] 1988, no writ).