No. 01-565

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 17

OPINION AND ORDER

INTERNATIONAL ASSOCIATION

OF FIREFIGHTERS, LOCAL NO. 8,

Petitioner,

v.

THE EIGHTH JUDICIAL DISTRICT COURT

CASCADE COUNTY, and THE HONORABLE JULIE

MACEK, Presiding Judge, and THE CITY OF

GREAT FALLS, MONTANA,

Respondents.

_____

¶1 The Petitioner, International Association of Firefighters, Local No. 8, has petitioned this Court for a Writ of Supervisory Control over the Respondents, the District Court for the Eighth Judicial District in Cascade County, and the Honorable Julie Macek, presiding judge. In support of its petition, the Union submits the following facts which are in all relevant particulars undisputed by the Respondents.

¶2 On July 16, 1994, the City of Great Falls filed a unit clarification petition with the

Department of Labor, Board of Personnel Appeals, in an effort to have Battalion Chiefs removed from the collective bargaining unit represented by the Union. Following a hearing and the presentation of evidence, the Department's hearing examiner returned a recommended order in favor of the Union. That decision was appealed to the Board of Personnel Appeals which affirmed the hearing examiner and denied the City's petition to remove the Battalion Chiefs from the collective bargaining unit.

¶3 The City then filed a petition for judicial review in the District Court for the Eighth Judicial District in Cascade County. Following oral argument before the Honorable Marge Johnson, Judge Johnson pronounced orally that she would affirm the Board of Personnel Appeals. That pronouncement was entered in the minutes of record in the District Court. However, Judge Johnson did not reduce her order to writing until December 30, 2000. Judge Johnson's term of office expired at midnight on December 31, 2000, and her written order was officially filed with the Clerk of the District Court on January 3, 2001.

¶4 On February 5, 2001, the Respondent, the Honorable Julie Macek, Judge Johnson's successor, struck Judge Johnson's order and judgment and directed that the parties file additional motions and briefs. She did so in reliance on this Court's prior order in *Schmit-Lorenz v. Mid-Century Ins. Co.*, No. 00-345 (dated January 30, 2001).

¶5 Following Judge Macek's order, the Union filed a motion to reinstate Judge Johnson's order and the City filed a motion to remand this case back to the Department of Labor for additional evidence on the unit clarification clause issue. On June 4, 2001, Judge Macek denied the Union's motion and granted the City's motion.

¶6 The Union next petitioned this Court for supervisory control pursuant to Rule 17, M.R. App.P. It contended that supervisory control is necessary because the District Court erred as a matter of law and its error will force the parties to incur the expense of a needless cycle of trial, appeal and retrial. For its contention that this Court should accept supervisory control, it relies on our decision in *Plumb v. Fourth Judicial Dist. Court* (1996), 279 Mont. 363, 927 P.2d 1011, where we held that supervisory control should issue to correct a mistake of law where there is no plain, speedy or adequate remedy at law. We conclude that based on our decision in *Plumb* and those authorities cited in the Petitioner's brief, this is an appropriate case in which to exercise supervisory control.

## DISCUSSION

¶7 Did the District Court err when it struck Judge Johnson's order affirming the decision of the Department of Labor, Board of Personnel Appeals?

¶8 The Union contends that Judge Macek misconstrued our order in *Schmit-Lorenz* because, by its terms, it did not apply to an oral pronouncement of a formerly-presiding judge and that the facts in *Schmit-Lorenz* which involved summary judgment are distinguishable from the facts in this case based on its procedural history. Finally, the Union contends that *Schmit-Lorenz* was incorrectly decided and is an inadequate basis for the action taken by the District Court. It contends that every act which was within Judge Johnson's power was performed during her term of office and that the ministerial function of filing Judge Johnson's order was the responsibility of the Clerk of Court pursuant to § 3-5-501(1)(d), MCA. According to the Union, the Clerk of Court, Nancy Morton, had full authority to perform that function when the order in this case was filed on January 3, 2001.

¶9 In response, the City of Great Falls contends that the issues raised by the Union's petition are moot because, in the course of administrative reorganization, the Battalion Chief position has been eliminated. Alternatively, the City contends that Judge Johnson's order was ineffective because it was not filed until after her term of office expired.

¶10 We observe that whether the Battalion Chief position has been legally eliminated is the subject of an Unfair Labor Practices Act claim filed by the Union with the Board of Personnel Appeals and that the outcome of that claim is dependent to some extent on the validity of Judge Johnson's order affirming the Board's original decision. Therefore, the City's argument regarding mootness is circular and not well taken.

¶11 We limit our consideration in this case to the issue of whether Judge Johnson's order signed on December 30, 2000, during the legal term of her office was binding on the parties even though not filed with the Clerk of Court until January 3, 2001, after the expiration of Judge Johnson's term of office.

¶12 The states generally recognize that judgments undergo three phases of final development: 1) rendition; 2) reduction to writing; and 3) entry. However, states vary in their determination of the stage at which judgments bind the parties before the court.

¶13 The Court of Appeals of Texas has held that a judgment is "rendered" when the matter submitted to it for adjudication is officially announced either orally in open court or by memorandum filed with the clerk. *In re Marriage of Wilburn* (Tex. App. 2000), 18 S.W.3d

837, 840. Further, the judgment becomes effective once it is rendered. *General Elec. Capital Auto Fin. Leasing Servs., Inc. v. Stanfield*, No. 12-00-00367-CV, 2001 WL 800058, at *2 (Tex. App. July 11, 2001). The entry of judgment is simply the ministerial act which furnishes enduring evidence of the judicial act of rendition. *State v. Macias* (Tex. App. 1990), 791 S.W.2d 325, 329. Thus, a written judgment signed by the trial judge is not a prerequisite to the finality of a judgment. *Wilburn*, 18 S.W.3d at 841.

¶14 California appears to follow the same line of reasoning. In *Bank One Texas v. Pollack* (Cal. Ct. App. 1994), 29 Cal.Rptr.2d 510, 512, the California court stated:

> The rendition of a judgment is a judicial act, and a judgment thus has full force and effect once it has been rendered, regardless of whether it has been entered. Entry simply provides record evidence of a judgment. [Citations omitted.]

¶15 These authorities are cited for the general principle articulated and not based on the similarity of their facts to those in this case.

¶16 For purposes of commencing time periods, it appears that a majority of states require that a judgment or order be entered or filed to take effect. The prevailing concerns appear to be: 1) ensuring that the judgment is final and permanently evidenced through court record (*Davis v. Davis* (Md. 1994), 646 A.2d 365, 370); and 2) establishing a fixed date from which the time for appeal begins. For most of the states which share this position, the actual filing of the judgment or order in the clerk of court's office, in compliance with Rule 58 of the rules of civil procedure, constitutes the "entry of the judgment" for purposes of computing the time within which the notice of appeal must be filed. *See Holmes v. Powell* (Ala. 1978), 363 So.2d 760, 761. Once again, these cases are cited for their general principle and not for their factual similarity to this case.

¶17 Based on our review, the case most directly on point to the facts in this case is *Cirro Wrecking Co. v. Roppolo* (Ill. 1992), 605 N.E.2d 544. There the Illinois Supreme Court concluded that:

> [W]here the trial judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed with the clerk. Until that time, the judgment remains pending and subject to the trial judge's revisions. The actual entry of the judgment by the clerk, however, is but a ministerial function and does

not affect the validity of the judgment. Thus, a judgment otherwise properly rendered during the pendency of a judge's term is valid even though it is actually entered by the clerk following the trial judge's vacation of office. That must be so because the judicial authority reposed in a trial judge in the proper functioning of his office in rendering judgment cannot be dependent upon the ministerial function of the court's clerk in recording that fact. It must also follow that, because the judicial authority is exercised exclusively by the trial judge during the pendency of his office, that authority ceases when the office is vacated. [Citations omitted.]

*Cirro, 605 N.E.2d at 550.*

¶18 We agree with the Illinois Court that the filing of the district court's order is merely a ministerial function which in this case was performed by a duly authorized clerk of court. The judgment in this case was otherwise properly rendered by Judge Johnson during the pendency of her term and was binding on the parties at that point even though entered by the clerk following her vacation of office. We also conclude, however, that for purposes of commencing time periods, judgments shall continue to take effect from the date on which they are filed with the clerk of court so that a fixed date is established and known to the parties.

¶19 For these reasons, we accept supervisory control over the District Court for the Eighth Judicial District, the Honorable Julie Macek, presiding, and reverse the order of the District Court which set aside the order of the Honorable Marge Johnson, dated December 30, 2000, which affirmed the decision of the Department of Labor, Board of Personnel Appeals. We decline to address the remaining issues presented by the Union's petition for supervisory control assuming that their disposition will be reconsidered following the reinstatement of Judge Johnson's order and consideration of the procedural effect that follows from its finality.

¶20 To the extent that our prior unreported order in *Schmit-Lorenz* is inconsistent with this decision, it should not be relied upon to resolve the rights of other litigants.

Dated this 31st day of January, 2002.

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

Justice Jim Rice did not participate in this matter.

Justice Patricia O. Cotter specially concurs.

¶ 21 I concur in the result reached by the majority. I write separately to state that we appreciate that Judge Macek acted appropriately in initially resolving this matter in reliance upon the Order issued in *Schmit-Lorenz.* We regret the additional workload assumed by Judge Macek, who was charged with rehearing dozens of matters, all as a result of the *Schmit-Lorenz* Order. However, I believe the result reached here is the better reasoned response to the unique question of whether an Order executed prior to the conclusion of a judge's term, but filed after the conclusion of that term, is valid and effective.

/S/ PATRICIA COTTER

Justice James C. Nelson joins in the foregoing concurrence.

/S/ JAMES C. NELSON

Chief Justice Karla M. Gray joins in the foregoing concurrence.

/S/ KARLA M. GRAY